## McCULLOCH v. AYER.

(Circuit Court, N. D. Illinois, N. D. June 30, 1899.)

No. 24,946.

NEGLIGENCE—FAILURE TO PROVIDE FIRE ESCAPES—ILLINOIS STATUTE.

The Illinois statute relating to fire escapes, in force July 1, 1897, in section 1 provides that within three months after its passage certain classes of buildings shall be provided with fire escapes under the general direction and approval of the inspector of factories. Section 3 makes it the duty of the inspector, where such buildings have not been so equipped as re-

quired, to serve a notice upon either or any of certain parties having an interest therein, including owners, lessees, and occupants, commanding such person or persons to cause fire escapes to be erected; and section 4 provides a penalty for failure to comply with such notice. The act itself nowhere imposes on either of such classes of persons the duty of erecting fire escapes. *Held*, that the power of determining upon whom such duty rests in any particular case is vested in the inspector, and, until he has designated such person by the required notice, a court cannot determine that either an owner, lessee, or occupant is liable by reason of a failure to comply with the statute.

Follansbee & Follansbee, for plaintiff.
Smoot & Ayer, for defendant.

KOHLSAAT, District Judge. The decision of this case depends upon the construction to be given to the provisions of the statute of this state relating to fire escapes, in force July 1, 1897. The fee to the real estate, upon which was situated the building where the fire in question occurred, was in some person not named in this record. A 99-year lease of the real estate was given in 1886. A seven-story building was erected thereon by the lessee. A sublease for 10 years was made of the entire premises in 1890, and in 1895 defendant, Ayer, acquired the 99-year lease subject to this 10-year lease, at the same time taking an assignment of the lessor's interest in the latter. At the time of the fire the holder of the 10-year lease was in sole possession and control of the entire premises by itself or its subtenants. It is admitted that there is no common-law liability for failure to provide fire escapes. It must follow that the wording of a statute imposing this liability must be clear and explicit. Such a statute must be strictly construed. Section 1 of the statute in question provides that within three months next after the passage thereof certain designated buildings shall be provided with fire escapes, and that the number, location, material, and construction of such fire escapes shall be subject to the approval of the inspector of factories. This section contains a proviso that certain classes of buildings (including those used for manufacturing purposes) shall have a certain number of fire escapes, proportioned to the number of persons employed in such buildings. Section 2 has reference to buildings erected after the passage of the act. Section 3 makes it the duty of the inspector of factories to serve written notice upon either or any of certain parties having an interest in the respective buildings (including owners, occupants, and lessees), wherever the building shall not be provided with fire escapes according to law, commanding such person or persons served to cause to be erected fire escapes as provided in section 1, within 30 days after service of such notice. Section 4 provides a penalty for failure to comply with such notice. Section 5 provides that the erection of all fire escapes shall be under the direct supervision and control of the inspector of factories, and makes it unlawful for any person to erect fire escapes except in accordance with a written permit first obtained from such inspector, prescribing the number, location, material, kind, and manner of construction. Section 6 provides that any person who shall be required to erect fire escapes under the provisions of the act shall make a

written application to the inspector of factories for a permit, which application shall contain certain information prescribed in said section. Section 7 repeals the former act. Plaintiff is practically suing under section 1 of the act. This section declares what buildings shall be provided with fire escapes, and the method of determining the minimum number in proportion to the number of persons employed therein (with the exception of public halls, where the number shall be determined by the inspector of factories). No person is named in this section upon whom the duty to erect is placed. In this respect it differs from the section of the New York statute quoted in plaintiff's brief. In the latter the owner or owners are named in the same paragraph that imposes the duty, and no other persons are named anywhere in the statute; whereas, in the Illinois statute, owners, trustees, lessees, and occupants are mentioned in the third section as the persons upon whom notice may be served, and who are made liable to a penalty for failure to obey the notice. The logical result of plaintiff's contention is that all the persons named in section 3 are jointly and severally liable for neglect to provide the fire escapes as set forth in section 1, irrespective of notice. The act does not say so. If the analogy of the common law were to be followed, the person who has the sole and exclusive possession and control of the premises would be liable, but none of the counts of the declaration charge defendant with such control and possession, and several of the counts charge that the owner of the 10-year lease and its subtenants have the sole and exclusive control and possession. The Pennsylvania statute first quoted in plaintiff's brief provides that "it shall be the duty of" the owners or keepers of hotels or landlords of tenement houses "to provide and cause to be fixed to every such building such permanent fire escape," etc. The amended act of 1885 provides that "it shall be the duty of the owner or owners, in fee or for life, of every such building, to provide fire escapes." The decisions cited simply turn on the person meant as owner. The Ohio statute provides that "it shall be the duty of any owner or agent of any owner of any factory * * * to provide convenient exit," etc., in case of fire. There is a wide difference between a provision that "all buildings shall be provided" and "it shall be the duty of the owner to provide." The Rhode Island decisions cited turn upon this point. I cannot hold that the fact that the statute of Rhode Island was avowedly penal in its nature will make the reasoning of the courts of that state in Grant v. Powder Co., 14 R. I. 380, and Maker v. Same, 23 Atl. 63, inapplicable to the statute of this state because the latter is not so designated. Both statutes impose a liability not before existing, and the person upon whom this new liability is placed should be designated with certainty, and not be left to conjecture.

Construing the act as a whole, I find that section 1 prescribed a requirement with reference to certain classes of buildings; that the duty of determining when these requirements apply, and of enforcing the same, is placed upon the inspector of factories; that the inspector of factories is given the power of determining upon whom the duty of constructing the fire escapes shall be placed, as between one or

more of the persons named in the act; that until such designation by the inspector by means of the notice provided in the statute (at least so far as buildings constructed prior to the passage of the act are concerned), no liability arises; and that, even if it was the intention of the legislature to impose a duty to construct, irrespective of notice by the inspector, the person upon whom it was intended to impose such duty and the resulting liabilities was not designated in the statute with certainty, and this court should not inflict such liabilities upon any one where it may only be determined by inference that such person was the one intended by the legislature to be charged with the duty. The demurrers to the declaration and the various counts thereof are therefore sustained.