WILLIAM CARRIGAN, Admr., *vs.* CLEVELAND S. STILLWELL.

Penobscot.    Opinion January 1, 1903.

*Death by Injury.  Pleading.  Negligence.  Fire-escape.  Tenant.  Owner.*
*Stat. 1891, c. 124; 1891, c. 89; R. S., c. 26, §§ 26-29.*

While ch. 124, Stat. of 1891, gives only a right of action to the personal representative of a deceased person, whose immediate death was caused by the negligence or fault complained of, and while it necessarily follows that the declaration in an action under this statute must contain a sufficient averment of such immediate death, it is not necessary that any particular words should be used for this purpose.  It is sufficient if it necessarily appears from the phraseology of the averment that the death of the deceased was immediate.

Where the negligence complained of is the failure of the defendant to provide and maintain suitable fire-escapes upon a building owned and controlled by him and under his management, and the allegation is, that the deceased, being properly in the third story of the building at the time that the fire broke out therein, by reason of such fault of the defendant, and without fault upon her part, "Was then and there burned to death and consumed by said fire, and then and thereby lost her life," *held;* that the necessary meaning of this averment is, that the immediate death of the deceased, within the meaning of the statute, was caused in the manner described.

By R. S., c. 26, § 26, as amended by ch. 89, Stat. of 1891, the duty of providing and maintaining  suitable fire-escapes upon a building, to which the statute is applicable, is imposed upon the owner, notwithstanding the building is in the possession of a tenant, or, being in the possession of a tenant, is so used as to bring it within the application of the statute.

The court does not decide, because apparently the question does not arise, whether or not this would  be so, if a building, not itself belonging to one of the classes specified, and not let by the owner for any purpose mentioned in the section, should come within the provisions of the law by reason of its use by the tenant for any such purposes, without the knowledge and consent of the owner.

This duty thus imposed upon the owner of a  building  coming within the designated classes does not depend upon ·the action of the municipal officers or fire engineers, or upon their failure to take action.

If the  defendant's failure to  perform a duty  imposed upon him by statute, for the benefit of persons lawfully employed in ·the building, was the proximate cause of the death of the plaintiff's intestate, and if her death

was the natural and ordinary consequence of this failure upon the part of the defendant, then it is, at least, evidence of actionable negligence upon his part to be submitted to a jury.

Exceptions by plaintiff.　Sustained.

Action under Stat. 1891, c. 124, to recover for the death of plaintiff's intestate, who was burned to death in the defendant's building, on October 16, 1901.　It was claimed that the defendant was liable because he had not provided any fire-escape on the building.　The defendant filed a general demurrer to the declaration which was sustained by the court below.

At the hearing upon the demurrer at nisi prius the defendant contended that the plaintiff's declaration was defective for the following reasons :

First, that there was no allegation in the declaration that the death of the plaintiff's intestate was immediate.

Secondly, that it is a condition precedent to any liability of an owner of a building for failure to provide it with suitable fire-escapes that said owner should first receive from the municipal officers or fire engineers written notice of their determination as to the sufficiency of said fire-escapes, as provided in R. S., c. 26, § 28, and that no liability is incurred for failure to provide fire-escapes until sixty days after the receipt of said notice, and that there was no allegation in the plaintiff's declaration of the performance of this condition.

Thirdly, that under the statute, the duty to provide a building with fire-escapes rests upon the tenant or occupant and not upon the owner.

*F. J. Martin* and *H. M. Cook; M. McCarthy*, for plaintiff.

*C. H. Bartlett*, for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J.　This is an action under ch. 124, Public Laws of 1891, to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the fault of the defendant.　The

defendant filed a general demurrer to the declaration, which was sustained, pro forma, by the court at nisi prius, and the case comes here upon the plaintiff's exception to this ruling. It will only be necessary to consider the objections to the declaration that are urged by counsel in support of his demurrer.

I. It is contended that the declaration contains no such sufficient allegation of the immediate death of the deceased as is necessary in actions under this statute, under the construction thereof by this court in *Sawyer* v. *Perry*, 88 Maine, 42, and *Conley* v. *Portland Gas Light Company*, 96 Maine, 281. The negligence complained of was the failure of the defendant to provide and maintain suitable fire-escapes upon a building owned, controlled, and under the management of the defendant, by reason whereof, it is alleged, the deceased, being properly in the third story of the building at the time that the fire broke out therein, and without fault upon her part, lost her life. The allegation is that the deceased, by reason of such fault of the defendant, "was then and there burned to death and consumed by said fire, and then and thereby lost her life."

It is, of course, well settled that the statute under which this action was brought gives only a right of action to the personal representative of a deceased person, whose immediate death was caused by the negligence or fault complained of, and it necessarily follows that the declaration must contain a sufficient averment of such immediate death. But it is not necessary that any particular words should be used if it necessarily appears from the averment that the death of the deceased was immediate. Even in criminal pleading, it is well settled, that a statutory offense may be sufficiently set out, without using the precise language of the statute, by the employment of language which is the full equivalent thereof. In this case we think that the necessary meaning of the allegation above quoted is that the immediate death of the deceased, within the meaning of the statute, was caused in the manner described. Not that the deceased received injuries from which she subsequently, however shortly thereafter died, but that she then and there lost her life by being "burned to death and consumed."

II.   The action is against the defendant as owner of the building described.   The declaration contains sufficient averments as to the defendant's ownership, that the building was one in which a business was carried on, "requiring the presence of workmen above the first story," that it was the duty of the defendant to provide and maintain suitable fire-escapes for such building, that the defendant failed to perform this duty, and that, by reason thereof, the deceased, without fault upon her part, lost her life.   The contention of the defendant is, that this building was at the time of the fire in which the deceased lost her life, in the possession of a tenant, that it was the duty of the tenant, if of anybody, to provide fire-escapes, and that therefore this action cannot be maintained against the owner.   Strictly, the question does not arise upon demurrer, because it does not appear from the declaration that the building was in the possession of a tenant at the time of the fire.   But, as the question will necessarily arise later, if such was the case, and as both sides have fully argued it, we deem it proper and advisable to decide the question now, in view of our conclusion.

The duty of maintaining fire-escapes upon certain buildings was created by statute.   By R. S., c. 26, § 26, as amended by ch. 89, Public Laws of 1891, "every building in which any trade, manufacture, or business is carried on, requiring the presence of workmen above the first story," as well as certain other classes of buildings, "shall at all times be provided with suitable and sufficient fire-escapes, outside stairs, or ladders from each story or gallery above the level of the ground, easily accessible to all inmates in case of fire or of an alarm of fire."   The next two sections of the chapter provide that in towns having no organized fire department, the municipal officers, and in cities, towns and villages having an organized fire department, the board of fire engineers, shall annually make an inspection of the safe-guards required by the preceding section, pass upon their sufficiency and state of repair, and direct such alterations, additions and repairs as they adjudge necessary, and shall give written notice to the occupant of such building, "also to the owner thereof, if known," of their determination as to the sufficiency of the precautions and safe-guards required, and as to the alterations,

additions and repairs that they adjudge necessary. By the next section a penalty is provided for any owner or occupant who neglects to comply with such order of these officers, within the time allowed, and for any owner who lets or occupant who uses such building in violation of this order.

The question is whether, by these sections of the Revised Statutes, the duty of providing and maintaining sufficient fire-escapes, upon buildings to which the statutes are applicable, where the building is in possession of a tenant, or where, being in the possession of a tenant, it is so used as to bring it within the application of the statutes, is imposed upon the owner. The question is by no means free from difficulty, and little assistance can be obtained from the decisions of the courts of other states, construing statutes of the same general nature, because the statutes of the different states upon this subject differ in respects more or less essential as bearing upon this question.

It will be noticed that the first section relating to the subject does not specifically enjoin the duty upon any particular person. It simply requires that the classes of buildings enumerated, and the buildings used for the purposes specified, "shall at all times be provided with suitable and sufficient fire-escapes." The next two sections relate to the enforcement of this requirement by certain officers. Section 28 provides that such officers shall give "written notice to the occupant of such building, also to the owner thereof, if known," of their determination as to the sufficiency of such fire-escapes and as to the changes that they adjudge necessary. We think that this section throws some light upon the legislative intent. Why, when such a building is in the possession of some one other than the owner, should the statute require notice to the owner, unless it was the intention of the Legislature to impose this duty upon him?

The next section, as we have seen, imposes a penalty upon "any owner or occupant who neglects to comply" with the order of the designated officers within the time limited, and further provides that, "if the owner or occupant of said building lets or uses the same in violation of such order," he shall be subject to a penalty. If it is made an offense, and subjects the owner to a penalty, for him to

let a building without complying with the order relative to the sufficiency of the fire-escapes, it would seem to follow that the duty in relation thereto enjoined by the first section was imposed upon him.

In *Lee* v. *Smith*, 42 Ohio St. 458, 51 Am. Rep. 839, where the court in the construction of a statute which imposed upon the owners of factories and work-houses the duty of providing fire-escapes, held that the statute was not applicable to the owners of premises in the possession of lessees, the court bases its reasoning and conclusion, to a considerable extent, upon the fact that by the language of the statute the duty is not imposed upon the owner of a building, but upon the owner of a factory or work-shop, and that a factory or work-shop is not synonymous with a building. And *Schott* v. *Harvey*, 105 Penn. St. 222, 51 Am. Rep. 201, in which the court reached the same conclusion, in construing a similar statute, is based upon the same reasoning. But the language of our statute is entirely different in this important respect. These safe-guards are not merely required upon factories and work-shops, but upon any building in which any trade, manufacture or business is carried on, "requiring the presence of workmen above the first story."

In Illinois the statute in relation to this subject is somewhat similar to the one in this State. One section requires that certain buildings shall be provided with fire-escapes, without more specifically imposing the duty of providing such fire-escapes upon any particular person; another section provides for notice to be given by the designated authorities to "the owners, trustees, lessee or occupant or either of them." The court held in *Landgraf* v. *Kuh*, 188 Ill. 484, 59 N. E. Rep. 501, that the owners of a building were not relieved from liability for a failure to perform this duty, because a part of the premises was in the possession and under the control of tenants of the owners instead of being directly in their possession. It is said in the opinion: "The injunction being in the alternative, the notice may be given to the one as well as to the other, and therefore to the owner, as well as to the lessee, or occupant." In *Arms* v. *Ayer*, 192 Ill. 601, 61 N. E. Rep. 851, this construction of the statute is re-affirmed.

By our statutes, as we have seen, the penalty for failure to comply with the order of the municipal officers or fire engineers is imposed,

in the alternative, upon the owner or occupant. And the provision in regard to the notice in writing, especially applicable to cases where the owner is not in possession, requires that, notwithstanding that fact, such notice must be given to the owner if known. Upon the whole, we are of the opinion that the statutes which we have referred to impose the duty upon the owner of a building, within the application of these sections, or which by reason of its use is brought within their application, to provide and maintain suitable and sufficient fire-escapes upon such a building, notwithstanding it is in the possession of a tenant. We do not decide, because apparently the question does not arise, that this would be so if a building, not itself belonging to one of the classes specified, and not let by the owner for any purpose mentioned in the section, should come within the provisions of the law by reason of its use by the tenant for any of such purposes, without the knowledge or consent of the owner.

If the defendant's failure to perform a duty imposed upon him by statute, for the benefit of persons lawfully employed in the building, was the proximate cause of the death of the plaintiff's intestate, and if her death was the natural and ordinary consequence of this failure upon the part of the defendant, then it is, at least, evidence of actionable negligence upon his part to be submitted to a jury.

III. Finally, it is contended by counsel for defendant that by these sections of the statutes no duty is imposed upon either owner or occupant until after action shall have been taken by the municipal officers or fire engineers and notice given as provided therein. We do not think that this is so. The first section imposes the duty to provide certain buildings with fire-escapes. The provisions of the subsequent sections show, we think, that it was the intention of the Legislature to impose this duty upon the owner even if the building was in the possession of a tenant. It is undoubtedly true that under the provisions of the subsequent sections relative to the enforcement of the law and to penalties for failures to comply with it, the owner is not subject to the penalty provided by § 29 until he shall have failed to comply with the orders of the officers designated for a space

of sixty days. But the very language of the section which makes it the duty of the municipal officers or fire engineers to "annually make careful inspection of the precautions and safe-guards provided in compliance with the foregoing requirements, and pass upon their sufficiency as to arrangement and number, and upon their state of repair," presupposes that these safe-guards are to be provided before such inspection, and that their duty is to inspect safe-guards already supplied and pass upon their sufficiency in number and other respects.

Under these sections it is not the duty of the officers named to determine what buildings shall be provided with fire-escapes, that is done by the statute itself, but to see that the requirements of the law are complied with and to pass upon the sufficiency of safe-guards already provided. The duty of an owner to place fire-escapes upon the buildings designated does not depend upon the action of the municipal officers or fire engineers, or upon their failure to take action. Such has generally been the construction of similar statutes in other states. *Willy* v. *Mulledy,* 78 N. Y. 310, 314, 34 Am. Rep. 536; *McRickard* v. *Flint,* 114 N. Y. 222; *Arms* v. *Ayer,* supra; *Rose* v. *King,* 49 Ohio St. 213, 15 L. R. A. 160. The Massachusetts Statute, construed by the court in *Perry* v. *Bangs,* 161 Mass. 35, is so different from the one in this State in this respect, that that case, somewhat relied upon by counsel for defense, is not an authority upon this question.

For these reasons we think that the demurrer should have been overruled.

*Exceptions sustained. Demurrer overruled.*