## STEIERT v. COULTER ET AL.

[No. 8,009. Filed June 3, 1913. Mandate modified
November 21, 1913.]

1. NEGLIGENCE.—*Failure to Provide Fire Escapes.—Statutory Requirements.*—In view of the fact that §1 of the act of 1909 (Acts 1909 p. 302), providing for the protection of human life from fire, and repealing the act of 1903 (§3841 *et seq.* Burns 1908, Acts 1903 p. 410), like §1 of the repealed act, refers to public buildings of various kinds and to "every building in which persons are employed above the second story in a factory or workshop", etc., and that §6 of the repealed act, wherein it was provided that the owner of any building described in the act who should neglect or refuse to comply with its provisions as to fire escapes would be subject to fine and imprisonment, and, in case of fire, liable for damages with a penalty of $5,000 for each person killed and also damages for personal injuries not causing death, was highly penal, and since §6 of the act of 1909 is substantially the same, except the application of the latter is limited to owners, lessees or occupants of hotels and to school officers having charge of public property, it was evidently the intention of the legislature by the latter section to limit the application of the penal provisions of the act and to leave the question of civil damages, except in the cases specified, to be governed by the general law on that subject as declared by the decisions of the court. p. 647.

2. STATUTES.—*Construction.—Legislative Knowledge of Existing Law.*—The legislature is presumed to be acquainted with the existing law and in legislating on any subject to have in view its provisions, either statutory or otherwise, and the construction placed thereon by the courts. p. 649.

3. NEGLIGENCE.—*Violation of Statutory Duty.—Liability.*—Where a statute creates a duty, a violation of such duty proximately causing an injury to one to whom the duty is owing, creates a liability in his favor, provided he is not guilty of negligence contributing to such injury. p. 649.

4. NEGLIGENCE.—*Failure to Provide Fire Escapes.—Complaint.—Sufficiency.*—A complaint in an action under the act of 1909 (Acts 1909 p. 302), providing for the protection of human life from fire and requiring the erection of fire escapes, etc., which contained a general charge of negligence in failing to provide fire escapes, coupled with allegations of ownership, stated a cause of action in terms broad enough to admit proof showing a duty to plaintiff and its violation by defendants. p. 650.

5. NEGLIGENCE.—*Failure to Provide Fire Escapes.—Complaint.—Proximate Cause.*—A complaint in an action under the act of 1909 (Acts 1909 p. 302), providing for the protection of human life from fire and requiring the erection of fire escapes, etc., alleging that defendants were the owners of a three story building and that they knew and consented to the use that was made of the third floor and knew that plaintiff was employed on such floor, that they negligently failed to provide the building with fire escapes, that a fire occurred which prevented plaintiff from reaching the stairways, and that plaintiff, believing it was necessary to save his life, jumped on an awning and fell therefrom to the street, whereby he was injured, sufficiently shows that the absence of external fire escapes on the building was the proximate cause of the injury. p. 650.

6. STATUTES.—*Construction.—Title.*—Where the meaning of an act is doubtful, the title, if expressive, may serve the purpose of removing the doubt, either by extending the purview of the body of the act, or by restraining or limiting it to the evident intention of the legislature. p. 652.

7. STATUTES.—*Construction.*—Where two constructions of a statute are possible, that one should be adopted which makes effectual, rather than one which defeats the purpose of the law. p. 652.

8. STATUTES.—*Construction.—Legislative Intent.*—In construing a statute the legislative intent is to be kept in view, and such intent, as ascertained from a consideration of the whole, as well as the separate parts of the act, will control the strict letter of the statute or the literal import of particular terms or phrases, where adherence to the strict letter or literal import would lead to injustice, absurdity, or contradict the evident intention of the legislature. p. 652.

9. STATUTES.—*Construction.—Legislative Intent.*—Although a statute in derogation of the common law is to be strictly construed, such rule of construction will not defeat the legislative intention where it is apparent from the act itself. p. 652.

10. NEGLIGENCE.—*Duty to Provide Fire Escapes.—Statutes.—Construction.*—Under the act of 1909 (Acts 1909 p. 302), for the protection of human life from fire, providing by §1 that rooms above the second story in every building in which persons are employed in a factory, workshop, etc., shall be provided with one or more ways of escape from fire, and by §2 that all such buildings shall have one or more fire escapes on the outside, as directed by the fire chief, except in cases where he may deem such escapes unnecessary, in which case he shall give the owner or lessee a written certificate to that effect stating his reasons therefor, considered in connection with the act of 1911 (Acts 1911 p. 553), creating the State Bureau of Inspection, owners or lessees of such

buildings must provide such outside fire escapes or have such exemption certificates from the fire chief, who is subject to the State inspector, and the chief's failure to give notice of the number and kind of such fire escapes will not excuse the owners or lessees from providing same. p. 653.

11. LANDLORD AND TENANT.—*Duty as to Fire Escapes.—Statutes.—Definiteness.*—Under the act of 1909 (Acts 1909 p. 302), for the protection of human life from fire the owner of any building specified therein is primarily responsible for failure to provide fire escapes, although there may be particular cases in which facts may be averred to show that the duty to provide fire escapes devolves upon the lessee or other occupant of such building, and under such construction the act is not too uncertain or indefinite to be enforceable. p. 654.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Frank J. Steiert against David A. Coulter and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Joseph P. Gray,* for appellant.
*Sheridan & Gruber,* for appellees.

FELT, J.—This is a suit for damages for personal injuries brought by appellant against appellees. At the close of the plaintiff's evidence, on motion of the defendants, the court gave a peremptory instruction directing the jury to find for the defendants, which was done. Appellant thereupon filed his motion for a new trial which was overruled and judgment rendered for appellees for costs.

Appellant has assigned as error the overruling of his motion for a new trial, which was asked on the ground that the court erred in instructing the jury to find for the defendants. The appellees have assigned cross errors, alleging that the court erred in overruling the joint, the separate and several demurrers of appellees to appellant's amended complaint.

The complaint alleges in substance that appellees were on April 29, 1910, and for many years prior thereto the owners of a certain lot in the city of Frankfort, Indiana, on which was erected a three story brick building; that the west room

of said building on the third story was and for many years had been used as a workshop for the manufacture of men's clothing, all of which was fully known to the defendants, and was run and operated with their consent; that on and prior to said date said building and workshop were not provided "with any ways or way of egress or means of escape whatever from fires; that there was not and had not been any fire escapes * * * erected to, attached to, provided for or in any manner whatever provided for said building, third story and workshop" by means of which persons in said workshop could escape in case of fire; "that the defendants had wrongfully, unlawfully and negligently failed and neglected to construct" and maintain such ways of egress, appliances and fire escapes, for the safety of persons in said workshop; that on April 29, 1910, and prior thereto, many persons were employed in said workshop all of which was known to defendants at all times; that on said day, plaintiff was working in said shop as a coat maker and while so employed on said day, the building caught fire by some means unknown to him; that before he knew of said fire, it spread so rapidly that it reached the stairways on the inside of said building and by reason of the extreme heat and smoke cut off all means of escape; that as soon as he discovered said fire he tried to escape from the building "by means of the only stairways leading down from said third story" which were the only stairways and the only means "of escaping from said workshop"; that it was impossible to go down said stairways without being strangled and burned to death; that plaintiff sought other means of escape but was unable to find any and the fire was fast approaching said workshop and the heat and smoke were in the room, and he was being strangled and suffocated thereby; that he became frightened and terror stricken and believed he would be burned to death and finding no fire escape or other means of escaping from the building, and believing that it was necessary to save his life, he jumped from a

window of said shop on an iron awning extending to the top of the first story; that he was stunned thereby and unable to stay on said awning and fell therefrom to the brick pavement and was thereby severely injured; that if there had been suitable fire escapes on said building he could have escaped therefrom in safety without injury; that had he remained in said building he would have been burned to death; that his injuries aforesaid were caused by the "wrongful and unlawful neglect and negligence of the defendants" in failing to provide fire escapes for said building as provided by law and all without any fault or negligence on the part of plaintiff. The complaint describes the injuries in detail and charges that they are permanent. There was a second paragraph which is substantially like the first except it is therein alleged that the third story of said building was leased to John C. Miller as a workshop for the manufacture of men's clothing.

The evidence shows that the shop in which appellant was working was in the third story and opened into a hallway, at either end of which was a stairway on the inside of the building, but there were no outside fire escapes on the building.

The court in directing a verdict for the defendants expressly stated in the instruction that he did so because the statute which provided a penalty against the owner of a building like the one here in question had been repealed and the present statute applies only to hotels; that no such action can be maintained for failure to put up fire escapes to buildings of the kind described in the complaint.

The act of 1909 (Acts 1909 p. 302), is entitled an act to provide for the protection of human life from fire, and repeals all laws in conflict therewith, and especially repeals the act of March 10, 1903 (Acts 1903 p. 410, §3841 *et seq.* Burns 1908). Section 1 of each of said acts refers to public buildings of various kinds and to "every building in which persons are employed above the

second story in a factory, workshop,'' etc.  Section 6 of
the act of 1903 (Acts 1903 p. 410, §3846 Burns 1908), pro-
vided that ''The owner or owners of any building described
in this act'' who neglects or refuses to comply with the
provisions of the act in respect to means of egress and fire
escapes ''shall be fined not to exceed $200 and be deemed
guilty of a misdemeanor punishable by imprisonment for
not less than one month nor more than two months'' and
also provides that in case of fire occurring in such building
or buildings in the absence of such fire escapes the responsi-
ble person shall be liable in an action for damages with a
penalty of $5,000 for each person killed and also damages
for personal injuries not causing death.  Section 6 of the
act of 1909 (Acts 1909 p. 302), contains substantially the
same provisions, but limits their application to owners,
lessees or occupants of hotels and to school officers having
charge of public property.

Appellees contend that this change in the act shows clear-
ly that the legislative intent was to limit cases of civil dam-
ages to the persons named in §6 of the later act, and that
no action for such damages will lie for an injury resulting
from failure to comply with §§1, 2 of the act of 1909, against
persons other than those named in §6 of the act.  This, in
our opinion, is carrying the question of legislative intent
farther than the facts warrant.  Section 6 of the act of
1903 is as broad in its application as the terms of the whole
act and is highly penal.  If the section provided only for
civil damages, there would be more force to appellee's con-
tention.  The legislature, in passing the later act evidently
intended to limit the penal provisions specified in both
acts to the persons named in the later act, but it does not
follow that it intended to cut off all right to civil damages
occasioned by a violation of the duty enjoined upon per-
sons other than those named in §6 of the act of 1909.  It is
a more reasonable presumption that the legislature intended
to limit the application of the penal provisions of the act

and to leave the question of civil damages, except in the cases specified, to be governed by the general law on that subject as already declared by the decisions of the courts of this State.    The legislature is presumed to be acquainted with the existing law and in legislating on any subject to have in view its provisions either statutory or otherwise and the construction placed thereon by the courts.   2 Lewis' Sutherland, Stat. Constr. (2d ed.) §§355, 499; *City of Rushville* v. *Rushville Nat. Gas Co.* (1892), 132 Ind. 575, 581, 28 N. E. 853, 15 L. R. A. 321.   In *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 64 N. E. 610, 58 L. R. A. 944, our Supreme Court had under consideration a case involving an injury to an employe while operating an unguarded circular saw.   The court held the complaint to be under the statute requiring certain machinery to be guarded and said: "The act does not in terms give a right of action to the person injured, nor is any part of the penalty recoverable by, or payable to, such person.   The general rule is that when a statute requires an act to be done by one person for the benefit of another, and an injury is sustained by one intended to be protected by reason of a violation of such statutory duty, an action lies in favor of the latter against the former for the neglect to perform such duty, even though the statute gives no special remedy."    See, also, *Rose* v. *King* (1892), 49 Ohio St. 213, 30 N. E. 267, 269, 15 L. R. A. 160; *Pauley* v. *Steam Gauge, etc., Co.* (1892), 131 N. Y. 90, 29 N. E. 999, 15 L. R. A. 194, 197.   It has been held in this State many times, that where a statute creates a duty, a violation of such duty which is the proximate cause of an injury to one to whom the duty is owing, creates a liability in his favor, provided he is not guilty of negligence contributing to such injury.   *Indiana, etc., R. Co.* v. *Barnhart* (1888), 115 Ind. 399, 411, 16 N. E. 121; *Nickey* v. *Steuder* (1905), 164 Ind. 189, 191, 73 N. E. 117; *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 427, 87 N. E. 229, 139 Am.

St. 389; *Princeton Coal, etc., Co.* v. *Lawrence* (1911), 176 Ind. 469, 95 N. E. 423, 96 N. E. 387; *Mortimer* v. *Daub* (1912), 52 Ind. App. 30, 98 N. E. 845, 847; *Fox* v. *Barekman* (1912), 178 Ind. 572, 99 N. E. 989, 991.

This complaint shows that appellant was rightfully in the tailor shop on the third floor of the building at the time the fire occurred. Therefore, whatever duty the law enjoins upon the owner with reference to fire escapes for such building was due to the appellant as such occupant. *Princeton Coal, etc., Co.* v. *Lawrence, supra.* Appellees also insist that the complaint is insufficient to show that appellees, as owners, were chargeable with such duty, if any exists. The complaint alleges that they were the owners; that they knew the use that was made of the third story and consented thereto and negligently failed and neglected to provide the means of egress and fire escapes required by the statute. This is sufficient as a matter of pleading. The general charge of negligence in failing to provide fire escapes, coupled with the allegation of ownership states a cause of action in terms broad enough to admit proof showing the duty and its violation by appellees. *Lake Erie, etc., R. Co.* v. *Moore* (1908), 42 Ind. App. 32, 81 N. E. 85, 84 N. E. 506, and cases cited. If the proof failed to show such duty or its violation, there could be no recovery even though an injury was proven. The complaint is also sufficient to show that the absence of external fire escapes on the building was the proximate cause of appellant's injury, so that the correctness of the trial court's action in directing a verdict, depends upon the meaning of §§1, 2 of the act of 1909.

Section 1 requires rooms above the second story in the buildings mentioned therein to be "provided with more than one way of egress or escape from fire, placed as near as practicable at opposite ends of the room and leading to fire escape on the outside of such building or to stairways on the inside, provided with proper railings." Section 2

provides that ''In addition to the foregoing means of escape from fire, all such buildings as are enumerated in section 1 of this act as are more than two stories in height shall have one or more fire escapes on the outside of said building, as may be directed by the fire chief aforesaid, except in such cases as the said fire chief may deem such fire escape to be unnecessary in consequence of adequate provisions having been already made for the [sic] safety in event of fire, and in such cases of exemption the said fire chief shall give the owner, lessee or occupant of said building a written certificate to that effect and his reasons therefor, and such fire escapes as are provided for in this section shall be constructed according to specifications issued by [the] state department of inspection and accepted by the chief inspector, or approved by the fire chief, and shall be connected with each floor above the first   *   *   *.'' Acts 1909 p. 302.

Appellees insist that the owner, lessee or occupant is not required to provide any means of escape except such as is required by §1, unless ordered so to do by the fire chief; that the complaint does not allege that there were not two stairways leading from the room where appellant was working, but that it does inferentially show that there were two such stairways; that there is no allegation showing any order from the fire chief or a violation thereof; that no presumptions are indulged in aid of the pleading and in the absence of allegations to the contrary, we must presume that there were two stairways or means of egress as required by §1. We think it fairly appears from the complaint that there were two inside stairways leading from the third story of the building and that the pleading must be tested with this fact, or necessary inference, considered as one of its allegations. We cannot, however, agree with appellees' construction of §2 of the act. The statute is by no means a model in phraseology and clearness. However, the title of the act and the context of its several sections considered together, give a very clear idea of the intention

of the legislature. If the meaning of an act is doubt-
6. ful, the title if expressive, may serve the purpose of
removing the doubt either by extending the purview
of the body of the act or by restraining or limiting it to the
evident intention of the legislature. 2 Lewis' Sutherland,
Stat. Constr. (2d ed.) §340; *City of Rushville* v. *Rushville
Nat. Gas Co., supra,* 582. If two constructions are
7. possible, that one should be adopted which makes
effectual, rather than one which defeats the purpose
of the law. *Greenbush Cemetery Assn.* v. *Van Natta*
(1912), 49 Ind. App. 192, 94 N. E. 899. The legislative
intention is to be kept in view in construing and
8. applying any statute. If the language is unambig-
uous, the intention expressed thereby must be carried
into effect. The legislative intent, however, is to be ascer-
tained by an examination of the whole, as well as the sep-
arate parts of the act, and when so ascertained, the intention
will control the strict letter of the statute or the literal im-
port of particular terms or phrases, where to adhere to the
strict letter or literal import of terms would lead to injus-
tice, absurdity, or contradict the evident intention of the
legislature. *United States Sav., etc., Co.* v. *Harris* (1895),
142 Ind. 226, 231, 40 N. E. 1072, 41 N. E. 451; *Greenbush
Cemetery Assn.* v. *Van Natta, supra,* 199.

It is further contended that the statute is in derogation of
the common law and must be strictly construed; that at
common law there was no liability against the owner
9. of a building for failure to provide fire escapes. Con-
ceding this to be the rule, it does not follow that the
legislative intent shall be defeated, and where, notwith-
standing the rule of strict construction, the legislative in-
tention is apparent from the act itself, it will be carried
into effect. *Arms* v. *Ayer* (1901), 192 Ill. 601, 61 N. E.
851, 58 L. R. A. 277, 284, 85 Am. St. 357; *Greenbush Ceme-
tery Assn.* v. *Van Natta, supra,* 199.

Keeping in view the purpose of the act as expressed by

the title and the context, and seeking to construe it so as to make it a workable and effective law to carry out the legislative intent, we may, without doing violence to any of its provisions, hold that §2 of the act of 1909, in addition to the provisions of §1, requires the buildings mentioned in §1, more than two stories in height, to have one or more fire escapes on the outside of the building, of the kind and number directed by the fire chief, and that in the absence of such fire escape, the owner or other responsible person must have the certificate of the fire chief stating that such additional outside fire escapes are unnecessary, because of other adequate means of escaping from the building in case of fire and must therein state his reasons for such decision. Furthermore, all fire escapes contemplated by this act are to be constructed according to specifications issued by the state department of inspection and are to be accepted by the chief inspector or approved by the fire chief. The latter clause is somewhat ambiguous and indicates the possibility of a conflict of authority between the chief inspector of the state department and local fire chiefs, but the evident intention of this act and the law creating the State Bureau of Inspection, (Acts 1911, p. 553) is to give the state inspector and his authorized deputies superior authority and ultimate control of all matters which by the law come under the supervision of that department. It is the statute and not the fire chief that commands the owner or other responsible person to provide additional fire escapes as specified in section two of the act. Therefore the contention of appellees that the failure of the fire chief to give notice or to designate the number or kind of such fire escapes will excuse the owner, or lessee from providing outside fire escapes cannot be sustained. Such persons to comply with the law, must either provide outside fire escapes or have the aforesaid certificate of the fire chief. *Arms* v. *Ayer, supra; Carrigan* v. *Stillwell* (1903), 97 Me. 247, 54 Atl. 389, 61 L. R. A. 163-166.

In *Rose* v. *King, supra,* it was contended that the act could not apply so as to create a liability against the owner for neglect to comply with its provisions, because it was not shown that the mayor had given the notice to the owner required by the statute, and the court said: "To make the liability of the negligent owner to the injured, though innocent tenant, depend upon the action, or nonaction, of a municipal officer, over whom the tenant could have no control, and possibly no influence, would be to take from the statute one of its most important and beneficial features, and to greatly retard the humane purpose intended." In *McRickard* v. *Flint* (1889), 114 N. Y. 222, 21 N. E. 153, it is said: "The exercise of the duty imposed upon the defendants by this statute, was not dependent upon any action of the superintendent of buildings. They could not properly delay for him to direct, but it was for them to call on him for direction and approval."

It is insisted that the complaint is insufficient because the statute speaks in the alternative of the owner, lessee or occupant of the building; that in the absence of special averments showing such to be the case, it cannot be said that the owners of the building described in the complaint owed appellant any duty under the statute to provide fire escapes. It is also contended that the complaint is bad because the statute is so indefinite and uncertain in its terms and provisions that no one may definitely know what was intended and who is responsible for failure to provide fire escapes to the buildings mentioned in the act.

11. These objections may be considered together for, in our view of the act of 1909, the owner is primarily responsible for failure to provide fire escapes, though we do not hold that facts may not be averred to show in particular cases that the duty so to do devolves upon the lessee or other occupant of the building. If we are right in this conclusion the objection that the statute is too indefinite and uncertain to be enforceable is also untenable.

There are decisions under the statutes of certain states that tend to support the contention that the owner for purposes of such statutes is the one in immediate control and occupancy of the building. Also, that the persons responsible under the statute are not required to act until after notice by the officer designated in the act. In all these cases there will be found differences in the statutory provisions which to some extent account for the different opinions, but the fact still remains that the authorities are not in absolute harmony on the subject. Cases in Ohio and Pennsylvania seem to turn upon the fact that the statutes impose on the owner of the factory or workshop rather than the owner of the real estate the duty of providing fire escapes and a distinction is recognized between such owners. By our statute, "every building" described in the act shall be equipped as therein designated and provision in certain instances is made for certificates and notices to be given to the "owner, lessee or occupant of said building" and to the "owner, proprietor or lessee of such establishment or of the building in which such establishment is conducted." The state of Illinois has a statute which, in this respect, is quite similar to ours and in the case of *Landgraf* v. *Kuh* (1901), 188 Ill. 484, 59 N. E. 501, it was claimed the owners could not be held liable, but that liability, if any, was against the tenants or occupants of the building destroyed by fire. The court in passing on the question referred to the decisions in some other states and said on page 493: "The construction thus contended for may have been proper, as applied to the statutes under consideration where such construction was adopted, but cannot be held to be the proper construction of the Illinois act of 1885. * * * Moreover, the notice, commanding such fire escapes to be placed upon the building, is required by section 3 to be given to 'the owners, trustees, lessee, or occupant, or either of them.' The injunction being in the alternative, the notice may be given to the one, as well as to the other, and

therefore, to the owner, as well as to the lessee or occupant. We are, therefore, of the opinion, that the appellees were not relieved from liability in regard to the placing of fire escapes upon their building, because the fourth floor of the premises, where appellant's intestate was at work at the time of her death, was in the possession and under the control of tenants of appellees, instead of being directly in the possession of appellees themselves." The state of Maine has a statute in many respects similar to ours. In *Carrigan* v. *Stillwell, supra,* 252, the court considered a situation somewhat similar to the one at bar and after a careful review of many of the decisions said: "But the language of our statute is entirely different in this important respect. These safeguards are not merely required upon factories and workshops, but upon any building in which any trade, manufacture or business is carried on 'requiring the presence of workmen above the first story.' * * * By our statute, as we have seen, the penalty for failure to comply with the order of the municipal officers or fire engineers is imposed, in the alternative, upon the owners or occupant. And the provision in regard to the notice in writing, especially applicable to cases where the owner is not in possession, requires that, notwithstanding that fact, such notice must be given to the owner if known. Upon the whole, we are of the opinion that the statutes which we have referred to impose the duty upon the owner of a building, within the application of these sections, or which by reason of its use is brought within their application, to provide and maintain suitable and sufficient fire escapes upon such a building, notwithstanding it is in the possession of a tenant."

In a number of cases under statutes somewhat similar to ours, the owners have been held liable, though the statutes contain provisions for notice from officials and name owners, lessees and other occupants in the alternative. *Mc Rickard* v. *Flint, supra; Willy* v. *Mulledy* (1879), 78 N. Y. 310; 34 Am. Rep. 536; *Arms* v. *Ayer, supra,* and cases

cited. In *Arms* v. *Ayer, supra,* the court in considering the Illinois statute, said: "we are not aware that any court has held such laws invalid because of their failure to definitely designate who should be liable. We think it clear that under this statute the owner is primarily liable for failure to perform the duty." The charge in that case was against the "owners" under a statute which required certain buildings to be equipped with fire escapes and also provided for notice by certain officials to "the owner or owners, trustees, lessees or occupant of any building."

The complaint of appellant was sufficient to withstand the demurrer and the evidence tended to show a liability against the appellees as owners of the building. We therefore conclude that the court erred in directing a verdict for appellees. Appellees, to be free from fault, must have had one or more outside fire escapes on the building, or failing in this must have provided other adequate means of escape from the building in case of fire, which means the fire chief held to be adequate and duly certified thereto giving his reasons for so holding. The judgment is therefore reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

## OPINION MODIFYING MANDATE.

FELT, J.—Since the decision of this court was announced, it has been made to appear that prior thereto and after the cause was submitted and all briefs filed in this court, the appellee died. It therefore appears that the mandate of the original opinion should be modified and the judgment of reversal be entered as of the date of submission, to wit: May 16, 1911. It is therefore ordered that the mandate of the original opinion be, and the same is modified, and the judgment of this court entered as of the date of submission aforesaid.

VOL. 54—42

NOTE.—Reported in 102 N. E. 113; 103 N. E. 117. See, also, under (2) 36 Cyc. 1135; (3) 29 Cyc. 436; (4) 29 Cyc. 568, 569; (5) 29 Cyc. 572; (6) 36 Cyc. 1133; (7) 36 Cyc. 1110; (8) 36 Cyc. 1106, 1108; (9) 36 Cyc. 1106, 1178; (11) 24 Cyc. 1118; 36 Cyc. 969. As to the liability for injuries caused by lack or insufficiency of fire escapes, see 15 L. R. A. 160; 10 L. R. A. (N. S.) 177; 21 L. R. A. (N. S.) 178; 39 L. R. A. (N. S.) 744. As to the liability of the owner of a building to an employer of a tenant for a failure to provide fire escapes or keep the same in proper condition, see Ann. Cas. 1913 B 278.