[Civ. No. 10037. First Appellate District, Division One.—September 10, 1936.]

MARGARET BOYD, Appellant, v. PASQUALE GOGNA et al., Respondents.

Hubbard & Hubbard for Appellant.

Albert Picard and Francis McCarty for Respondents.

TYLER, P. J.—Action for damages for personal injuries. The complaint alleged defendants to be the owners of certain real property which was used for hotel purposes and that they failed to install and maintain a fire escape upon the premises; that a fire broke out in the building and plaintiff who was a guest in the hotel was compelled to jump from the second story thereof in order to escape the flames; that in doing so she suffered a fracture of the bones of her right foot. The case was tried by the court sitting without

a jury. It found that there was no negligence on the part of defendants in failing to supply a fire escape as required by a certain ordinance upon the subject, as the mandate contained therein was not directed to the owners of the building. It also found plaintiff to be guilty of contributory negligence as she had ample means of egress from the building without jumping. Judgment accordingly went for defendants. Plaintiff appeals.

The San Francisco ordinance upon the subject of fire escapes, No. 1008, new series, section 224, provides in substance that for the proper and necessary protection of life and property all buildings designated in the ordinance that are already erected and built or that may be hereafter erected and built shall be provided and equipped with fire escapes. The buildings designated in the ordinance are those used or occupied or so constructed as to be occupied, above the second story, as a lodging house. The ordinance further provides that such buildings shall be equipped with metallic fire escapes combined with suitable balconies and railings, firmly secured to the outer walls, so erected and arranged as to make and render escape from the building in case of fire, safe and adequate. By section 302 of the ordinance any person, firm or company violating the ordinance is guilty of a misdemeanor punishable by fine or imprisonment. The building in question was erected, pursuant to a permit issued by the city authorities, prior to the passage of the ordinance, and no fire escapes were demanded at the time of its erection because of the fact that the building contained two stairways. No notice was given to defendants by anyone, after the passage of the ordinance, to construct fire escapes. It will be noticed that nowhere does the ordinance definitely impose upon the owner of a building any duty or liability, and he is not directly mentioned in the ordinance, nor is any other particular person mentioned, the ordinance simply requiring that certain buildings be equipped with fire escapes. It is appellant's contention, however, that the fair intendment of the ordinance is that the owner of a building is included within its mandate, as the ordinance provides that any person who omits to provide the fire escape required is guilty of a misdemeanor, and that this being so the only sensible construction of the language is that it refers primarily to the owner

of the building, and secondarily to the occupant or user if the latter is not the owner.

It is respondents' contention, on the other hand, that the ordinance is penal in its nature and does not comply with the rules governing the definiteness of a penal ordinance; that it is therefore completely ineffective and no civil liability can be placed thereon. It is conceded that the ordinance is a wise and salutary one and that the legislative body of a state or city has a right to require either the owner or lessee to erect upon buildings fire protection equipment, but that in doing so it is essential to name a person or persons upon whom the duty rests and unless some person or persons are named who are to be penalized for a breach of the duty the ordinance is uncertain and indefinite and of no effect, and the duty cannot be imposed upon one by judicial construction of the law. The authorities upon the subject are numerous. · There are differences in the statutory provisions in the various jurisdictions as to whom the mandate applies, and the decisions upon the subject are by no means harmonious due to some extent to this difference. The cases relied upon by respondents in support of the judgment are from Ohio, Pennsylvania, Rhode Island and the Federal District of Illinois. (*McCulloch* v. *Ayer*, 96 Fed. 178; *Maker* v. *Slater Mill & Power Co.*, 15 R. I. 112 [23 Atl. 63].) These cases are to the effect that such ordinances imposing as they do a liability not before existing, the person upon whom the burden is imposed should be designated with certainty and not be left to conjecture. Cases that seem to support appellant's contention are *Arms* v. *Ayer*, 192 Ill. 601 [61 N. E. 851, 85 Am. St. Rep. 357, 58 L. R. A. 277]; *McLaughlin* v. *Armfield*, 58 Hun, 376 [12 N. Y. Supp. 164]; *Carrigan* v. *Stillwell*, 97 Me. 247 [54 Atl. 389, 61 L. R. A. 163]. ■ It would answer no useful purpose to discuss or decide this question, for even conceding that respondents violated the ordinance requiring fire escapes on their building, the court having found upon sufficient evidence that the injury suffered by her was proximately caused or contributed to by her own negligence, plaintiff has no right to recover. In this connection there was evidence to show that the fire did not reach the room from which appellant jumped. There was also evidence that there was a stairway in the rear of the building by the

use of which appellant could have escaped; also, she could have escaped had she gone up a stairway to the roof, as there were no flames there and she could have stepped on to adjoining roofs of the same level with the burning building. Appellant has furnished us with authorities to the effect that a person in imminent peril is not held to the same degree of care as is a person under ordinary circumstances. This was a question of fact for the court below to consider in determining whether or not plaintiff was guilty of contributory negligence. Upon this subject the court found that there were sufficient means of egress which the plaintiff could safely have used, and there was no necessity for her to jump out of the window to escape from the building; that plaintiff was careless and negligent in so jumping and that said carelessness and negligence proximately caused and contributed to her injuries. There is, as indicated, evidence to support the finding.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 9, 1936. Seawell, J., and Curtis, J., voted for a hearing.