## HEINTZ v. MUELLER.

[No. 3,351.    Filed Feb. 13, 1901.    Rehearing denied May 28, 1901.]

APPEAL AND ERROR.—*Finding.—Sufficiency of Evidence.—Conflicting Evidence.* — The appellate tribunal will not disturb a finding by the trial court where there is evidence from which the facts found might have been fairly drawn. *p. 44.*

FRAUD.—*Prompt Return of Property.—Question of Fact.*—Whether an offer to return property, when one seeks to rescind a contract on account of fraud, was made promptly after discovery of the fraud, must depend to a great extent upon the circumstances, conditions and surroundings of the parties, and is a question of fact. *p. 44.*

APPEAL AND ERROR.— *Presumption.—Record.—Instructions. — Tendered Before Argument.*—Where the record fails to show that instructions were tendered to the court before commencement of the argument, the appellate tribunal will not consider the question of refusal to give instructions, since it will be presumed that they were not tendered in time. *pp. 44, 45.*

From Porter Superior Court; *H. B. Tuthill,* Judge.

Action by Louis Heintz against Paul H. Mueller to rescind a contract on account of fraud. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Peter Crumpacker, D. J. Moran* and *W. B. Reading,* for appellant.

*B. Borders* and *L. Becker,* for appellee.

Comstock, J.—Appellee brought this action against appellant to recover the sum of $950 with interest, said sum having been paid by appellee to appellant for 350 shares of stock of the Crystal Rock Salt Mining Company, a corporation. Appellee claimed that he was induced to buy the stock by false and fraudulent statements made to him by the appellant concerning the property and standing of the company. Two trials have been had in the court below, each resulting in a verdict and judgment for appellee.

This is the second appeal to this court. Upon the former appeal the judgment of the trial court was reversed because of the insufficiency of the complaint. See *Heintz* v. *Mueller,* 19 Ind. App. 240. As now presented, the complaint is in two paragraphs, each of which is on the common count for money had and received. The sale of stock was made in two lots at different dates. The first paragraph is upon the first sale; the second upon the second sale. Appellant assigns as errors the refusal of the court to direct a verdict in his favor and the overruling of his motion for a new trial.

Counsel for appellant in their able brief base their argument upon the correct proposition that to recover appellee must prove that material representations were made; that they were false; that they were made with intent to defraud; that appellee believed them; that they were such as would be likely to deceive a reasonably prudent person; that he acted upon such representation and was injured thereby; that the stock purchased was of no value, or that it was

promptly tendered back to appellant and the return of the money demanded on the discovery of the fraud; that the stock purchased was the stock of the appellant, or that the representations were in writing.

Counsel for appellee insist that the evidence is not properly in the record and can not therefore be considered. We have, however, for the purposes of passing upon the questions presented, treated it as in the record and have read it with care. There is no evidence that the representations were in writing. Under the rule that the jury had the right to draw reasonable inferences from the facts proved, there is evidence tending to establish every other material fact.

The evidence is conflicting, especially upon the question of a tender of a return of the stock by appellee to appellant before the commencement of this suit. Appellee seems not to have readily comprehended questions addressed to him as a witness, and was unhappy in the use of the English language (we are informed by brief of counsel that both parties are Germans by birth), and portions of his testimony with reference to his tender of the stock to appellant are not very clear; but, considered as a whole, the jury might fairly conclude that the tender was proved.

Whether an offer to return property when one seeks to rescind a contract on account of fraud is made promptly after the discovery of the fraud must depend largely upon the circumstances and conditions surrounding the parties, and is a question of fact to be determined by the court or jury trying the cause. Besides, evidence was not wanting from which the jury might have found that the stock was worthless at and prior to the commencement of the action.

The court refused to give to the jury instructions numbered six and seven, respectively, of those requested by appellant. Exception was taken to this action. Counsel for appellee claim upon several grounds that the instructions are not in the record. We need not pass upon the reasons

urged in support of this claim, because as to the instructions in question the record fails to show that they were tendered to the court before the commencement of the argument. Unless they were presented before the argument began, they were properly refused. Every presumption is indulged in favor of the action of the trial court; it will be presumed that they were not tendered in due time. *Craig* v. *Frazier,* 127 Ind. 286; *Adams* v. *Main,* 3 Ind. App. 232, 50 Am. St. 266; *Terry* v. *Shively,* 93 Ind. 413; *Surber* v. *State,* 99 Ind. 71; *Anderson* v. *Lake Shore, etc., R. Co.,* 26 Ind. App. 196.

Exception is taken to instruction number two given by the court of its own motion. Counsel do not claim that this instruction does not state the law correctly, but say that "it is not applicable to the cause." We fail to see that appellant was harmed by this instruction.

An examination of the record leads us to the conclusion that the cause was fairly tried and a correct result reached. Judgment affirmed.