# Fox *v.* Barekman.

[No. 22,107.   Filed November 26, 1912.]

1. NEGLIGENCE.—*Automobiles.—Injury to Persons on Highway.—
   Speed.—Proximate Cause.—Evidence.*—In an action for the death
   of a boy struck by an automobile while traveling along
   a rural highway, although there was some evidence that
   defendant had made a careful inspection of his machine
   before he started on the trip and found same to be in
   good repair, that the speed of the car at the time of
   the injury was not greater than twelve to fifteen miles an
   hour, and that the injury resulted from a sudden defect in the
   steering apparatus causing defendant to lose control of the car,
   where there was other evidence that defendant was traveling at
   the rate of twenty-five to thirty-five miles per hour, and that
   when within fifty to seventy feet from the boy the machine left
   the road and struck the boy and continued a distance of more
   than sixty-three feet to a telephone pole which it struck with
   sufficient force to tear a wheel off the car and break the cross-
   head on the pole, and then continued seventy-eight feet further
   to an oak post, breaking it, the jury was warranted in finding
   that defendant was running the machine in excess of the speed
   allowed by law on rural highways (§10465 Burns 1908, Acts
   1905 p. 202), and that such excess of speed was the proximate
   cause of the injury.   p. 575.

2. NEGLIGENCE.—*Automobiles.—Injury to Persons on Highway.—
   Excessive Speed.—Negligence Per Se.*—Under §10465 Burns 1908,
   Acts 1905 p. 202, prohibiting the operation of any motor vehicle
   on any public highway at a greater rate of speed than twenty
   miles per hour, the operation of an automobile in excess of such
   speed is negligence *per se* which renders the operator liable for
   injuries proximately resulting therefrom, unless the injured was
   guilty of contributory negligence.   p. 577.

3. NEGLIGENCE.—*Automobiles.—Injury to Persons on Highway.—
   Evidence.—Sufficiency.*—In an action for the death of a boy struck
   by an automobile while traveling along a public highway, where
   the evidence showed that the boy was from fifty to seventy-five
   feet from the machine when defendant lost control of same, and
   that although the car was equipped with an emergency brake
   which was in good condition and which, if used, would have
   stopped the car within forty or fifty feet if running at a speed
   of thirty miles an hour, and within twenty to twenty-five feet if
   running at a speed of twelve to fifteen miles per hour, the de-
   fendant did not use the same, it was sufficient to warrant the

jury in finding that defendant was guilty of negligence in not promptly applying such emergency brake. p. 578.

4. DEATH.—*Negligence.—Excessive Damages.—Father and Son.*— An award of $1,800 to a father for the death of his son, thirteen years of age, is not excessive where it is shown that the boy was obedient and industrious, was able to and did do a man's work, that his services were worth from $200 to $1,000 per year and the cost of his maintenance was from $60 to $300 per year, and that the father had expended $200 for medical services and funeral expenses. p. 578.

5. NEGLIGENCE. — *Automobiles. — Failure to Provide Brake. — Instructions.—"Sufficient".—"Efficient".*—In an action for the death of a boy who was struck by defendant's automobile, an instruction that the statute requires motor vehicles to be provided with "a good and sufficient brake", and that if defendant's automobile was not provided with "a good and sufficient brake", defendant was guilty of negligence, was not objectionable for the use of the word "sufficient" instead of the word "efficient" as used in §10467 Burns 1908, Acts 1905 p. 202, requiring persons operating motor vehicles to have the same equipped with good and efficient brakes, etc., since "sufficient" as used in the instruction meant that the brake should be reasonably safe for the purpose for which it was intended, and was practically synonymous with the word "efficient" as used in the statute. p. 579.

6. TRIAL.—*Instruction.—Negligence.—Omission of Element of Contributory Negligence.*—In an action for the death of a boy who was struck by defendant's automobile, an instruction that if defendant operated the automobile at a greater rate of speed than was proper and reasonable, etc., or at a speed in excess of twenty miles an hour, he was guilty of negligence, and if such negligence was the proximate cause of the injury the jury should find for the plaintiff on that issue, was not improper as disregarding the question of contributory negligence, as it did not direct a verdict for the plaintiff, although the last clause of the instruction, commencing with the word "and", is condemned. p. 580.

7. TRIAL.—*Instructions.—Directing Verdict.—Omission of Essential Element.*—The omission in an instruction of one or more facts or elements necessary to a recovery by a party in whose favor a verdict is directed renders such instruction erroneous. p. 580.

8. APPEAL.—*Review.—Instructions.*—Where each paragraph of the complaint, in an action for the death of a boy who was struck by an automobile, contained a different charge of negligence, an instruction that if the jury found defendant guilty of negligence "as alleged in one or more paragraphs of the complaint" and that such negligence "as alleged in one or more paragraphs" was the proximate cause of the injury and death, and that the boy was

injured and died as alleged, and the plaintiff damaged as alleged, and that all the other material allegations of "one or more paragraphs of the complaint have been sustained by a preponderance of the evidence" and that neither the plaintiff nor the decedent was guilty of contributory negligence, the finding should be for plaintiff, was not open to the objection that it informed the jury that if plaintiff had proved negligence as alleged in one paragraph, and had proved the material allegations of the other paragraphs other than the allegation of negligence, he could recover, regardless of whether he proved the other material allegations of the paragraph on which the negligence was found, and its giving was not error.  p. 581.

9.   EVIDENCE.—*Credibility of Witnesses.*—*Question for Jury.*—It is for the jury to determine what credit is to be given to the testimony of the witnesses, and in doing so it may consider the manner and conduct of the witnesses, their interest, bias or prejudice, if any, their knowledge, or lack of it, of matters about which they testified, together with all facts and circumstances proved and surrounding them which will enable the jury to arrive at the truth.  p. 582.

10.  APPEAL.—*Record.*—*Review.*—*Refusal of Instructions.*—*Presumption.*—Where it is claimed that the court erred in refusing certain instructions, and the record does not show that they were tendered to the court before argument was begun, it will be presumed that they were properly refused because not tendered in time.  p. 582.

11.  APPEAL.—*Review.*—*Affirmance.*—Where, on the determination of all questions properly presented by appellant's statement of points, no reversible error is found, the judgment of the trial court will be affirmed.  p. 583.

From Daviess Circuit Court; *Hileary Q. Houghton,* Judge.

Action by Mantle Barekman against Frank P. Fox. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*A. T. Cobb, Cullop & Shaw, Padgett & Padgett,* for appellant.

*John Wilhelm Sherman, G. Davenport, William R. Gardiner, Clint K. Tharp* and *Charles G. Gardiner,* for appellee.

MONKS, C. J.—This action was brought by appellee against appellant to recover damages for the loss of services of his minor son, Earl Barekman, from the date of his death until said son would have reached the age of twenty-one

years, a period of eight years and nine days, together with the cost of medical services, nursing and funeral expenses.

It is alleged in the complaint that the death of said minor was caused by an automobile, operated by appellant, running against and on appellee's said son, on October 16, from which injury he died on October 21. The complaint is in three paragraphs. The first paragraph alleges that appellant negligently ran the automobile against appellee's son, and thereby caused his death. In the second paragraph it is alleged that appellant was driving the automobile at a speed in excess of that allowed by law on public highways outside of cities and towns. The negligence alleged in the third paragraph is that appellant, instead of using the emergency brake, continued to run the car after he discovered the steering gear was defective, although he saw the group of school children in the road ahead of him. A trial of the cause resulted in a verdict and judgment in favor of appellee. The only error assigned is the overruling of appellant's motion for a new trial.

The first cause assigned for a new trial is that the verdict is not sustained by sufficient evidence. Appellant contends that the evidence shows that the injury was the result 1. of an accident, and not negligence. In support of his theory, appellant "claims that it was shown that a careful inspection had been made [of the machine] before he started on this trip and it was found to be in good repair; that the speed of the car as it approached the group of children was not greater than twelve to fifteen miles an hour and at the time the machine struck the boy not greater than ten miles an hour; that the accident was due entirely to the fact that the connecting rod from the steering column became disconnected from the knuckle on the left front spindle just before the car reached the group of children and that as a result he was unable to guide or control the car." There is evidence on all these points, but there is also a conflict in the evidence as to

the speed of the machine. A number of witnesses estimated the speed at which the machine was traveling at the place of the accident at from twenty-five to thirty-five miles an hour. There was evidence to the effect that on the afternoon on which the injury occurred, appellee's son and several other children were walking along the highway on their way home from school. They saw the automobile coming, and got out of the road, some going to one side and some to the other. When the car was a short distance from the group of children it began to leave the road, going to the south side, the side of the road on which Earl Barekman and three others were walking. Earl's companions managed to get out of the way, but he was unable to do so, and was struck by the car. The road, from fence to fence, was forty feet, nine inches wide; from the center of the traveled part of the road to the south fence, seventeen feet, nine inches. There was a ditch eighteen and one-half inches deep on the south side of the road, about three and one-half feet from the fence. Earl Barekman and his companions who went to the south side of the road to get out of the way of the automobile were between the ditch and fence. When the automobile was a distance of, defendant says, from fifty to sixty feet from Earl Barekman, but other evidence given would make it about seventy feet, it left the traveled part of the road, and appellant shut off the gasoline and attempted to guide the machine back into the traveled part of the road, by the steering gear which would not work, and it gradually went to the south side of the road, the front and rear wheels on one side of the car crossed the ditch and the front and rear wheels on the other side remained on the road side of the ditch, and continued in that manner, striking Earl Barekman, who was standing within one foot of the fence, seriously injuring him, from which injuries he died. The machine continued (from the place where the boy was picked up) to a telephone pole (which was two feet from the fence), a distance of sixty-three feet, four inches, and the

hub of one wheel struck the pole with sufficient force to tear a wheel off the car and break the cross-head on the pole, and the machine continued seventy-eight feet further, and ran into an oak post of the barbed-wire fence on the south side of the road (a distance of 141 feet from the place where the boy was picked up), with force enough to break said post, where it stopped.

We cannot say from the evidence that the jury was not authorized to find that the machine was running in excess of the speed allowed by law on rural highways, and that such excess of speed was the proximate cause of the injury.

Section 10465 Burns 1908, Acts 1907 p. 558, provides that any person operating a motor vehicle on any public highway shall not operate the same at any rate of speed greater than is reasonable and proper, having regard to the use in common of such highway, or so as to endanger the life or limb of any person, and that in no event shall such motor vehicle be operated at a greater rate of speed than twenty miles per hour. There was evidence on which the jury could have found that appellant was operating the automobile at a greater speed than twenty miles an hour. If appellant was violating this statutory provision in regard to speed, there was negligence *per se,* and if such violation was the proximate cause of the injury, appellant is liable, unless decedent was guilty of contributory negligence. *Pennsylvania Co.* v. *Hensil* (1880), 70 Ind. 569, 574, 36 Am. Rep. 188, and authorities cited; *Indiana, etc., Co.* v. *Barnhart* (1888), 115 Ind. 399, 411, 13 N. E. 121; *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 151, 152, 64 N. E. 610, 58 L. R. A. 944, and authorities cited; *Pittsburgh, etc, R Co.* v. *Lightheiser* (1904), 163 Ind. 247, 256, 71 N. E. 218, 71 N. E. 660, and cases cited; *Nickey* v. *Steuder* (1905), 164 Ind. 189, 191, 73 N. E. 117, and cases cited; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 420, 73 N. E. 899, and

cases cited; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153, 156 (3), 84 N. E. 549, and cases cited; *Pittsburgh, etc., R. Co.* v. *Reed* (1909), 44 Ind. App. 635, 646, 88 N. E. 1080, and cases cited; *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 427 (1), 87 N. E. 229, 139 Am. St. 389, and cases cited; *Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind. 621, 96 N. E. 758, 760, (1), and cases cited; 1 Thompson, Negligence §10; 21 Am. and Eng. Ency. Law (2d ed.) 478, 480-482; 29 Cyc. 436.

Moreover, there was an allegation in the third paragraph of the complaint that appellant was negligent in failing to stop the car, after he discovered that the steering 3. gear would not work, instead of trying to guide it back onto the road. It was shown that the machine was equipped with an emergency brake, and appellant testified that the brake was in good condition. An experienced automobile man testified that the emergency brake on this car would stop the car within forty or fifty feet if running at a speed of thirty miles an hour, and within from twenty to twenty-five feet if running at a speed of from twelve to fifteen miles an hour. There was evidence therefore, from which the jury may have found that if appellant had applied the brake promptly on discovering the fact that the steering gear was broken, the car could have been stopped before it reached the boy, and that the appellant was guilty of negligence in not doing so. We cannot say that there was not sufficient evidence to warrant the jury in finding for appellee.

The next cause assigned for a new trial is that the $1,800 damages awarded appellee are excessive. In 13 Cyc. 134 it is said: "Where an action is brought by a 4. husband or father for the loss of earnings or services of his wife or infant child, the question whether the verdict will be deemed excessive depends first upon the age and earning capacity of the party injured; second, upon the expenses incurred; and

thirdly, upon the nature and extent of the injuries inflicted.'' There were five in appellee's family. Appellee, his wife, the decedent and a younger brother and sister. Decedent was thirteen years old at the time of his death. There was evidence that he was obedient and industrious, and that he was able to and did do a man's work around the farm. The value of these services to appellee was variously estimated by witnesses at from $200 to $1,000 a year, from which should be deducted the boy's maintenance, which was estimated by witnesses at from $60 to $300 a year.

Considering the rule as to the measure of damages in such cases (*Ohio Valley Trust Co.* v. *Wernke* [1913], 179 Ind. —, 99 N. E. 734), and that the value of the boy's services during the remaining years of his minority was lost to appellee, and in addition that appellee paid out over $200 for medical services and funeral expenses, we cannot say that the damages are excessive, in view of the rule as to when this court may reverse a cause on the ground of excessive damages. *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 215, 216 (16), 82 N. E. 1025, 84 N. E. 14, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1, and cases cited; *Romona, etc., Stone Co.* v. *Shields* (1909), 173 Ind. 68, 74, 88 N. E. 595; *Indianapolis St. R. Co.* v. *Kane* (1907), 169 Ind. 25, 39 (18), 80 N. E. 841, 81 N. E. 721; Ewbank's Manual §47.

Appellant complains of instruction six, given by the court. Said instruction told the jury that the statute requires motor vehicles to be provided with ''a good and sufficient brake,'' and that if it should find that the vehicle in question was not provided with ''a good and sufficient brake,'' defendant was guilty of negligence. The objection is to the use of the word ''sufficient'' instead of the word ''efficient,'' which is used in the statute. ''Efficient'' is defined in Webster's International Dictionary as follows: ''Causing effects; producing results; that which makes the effect to be what it is; actively operative; not in-

active, slack or incapable; characterized by energetic and useful activity."

The word "sufficient" as used in a law making it the duty of a railroad company to keep its brakes in sufficient repair, has been held to mean "in proper repair and safe condition; that is, they are reasonably safe for the purposes for which they are intended." 7 Words and Phrases 6763; *Richmond, etc., R. Co.* v. *Burnett* (1892), 88 Va. 538. "Sufficient" as used in the instruction complained of was practically synonymous with the word "efficient" as used in the statute, and appellant was not harmed by the use of the word.

Instruction seven is complained of for the reason that it disregarded the question of contributory negligence, and informed the jury that if defendant operated the automobile at a greater rate of speed than was proper and reasonable, etc., or at a speed in excess of twenty miles an hour, he was guilty of negligence, and if such negligence was the proximate cause of the injury it should find for the plaintiff "on that issue."

It is well settled that the omission of one or more facts or elements necessary to a recovery by a party in whose favor a verdict is directed renders such instruction erroneous. *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 178 Ind. 88, 97 N. E. 320, 326 (12), and cases cited. It will be observed, however, that in said instruction the court did not direct the jury to return a verdict in favor of plaintiff, but only told the jury to find for the plaintiff on the issue of defendant's negligence as charged in the second paragraph of the complaint. It does not, therefore, come within the rule declared in *Indianapolis Traction, etc., Co.* v. *Mathews, supra.* In determining whether appellant was guilty of negligence as charged in the second paragraph of complaint, it was not necessary to consider the question of contributory negligence of decedent or appellee, because such contributory negligence was not involved in the determination of that

question. There was nothing in said instruction which would
have prevented the jury, although satisfied that appellant
was guilty of negligence as charged in said second para-
graph, from returning a verdict in favor of appellant, if
decedent was guilty of contributory negligence. While the
giving of said instruction was not reversible error in this
cause, the last clause thereof, commencing with the word
"and," must be condemned.

Appellant next complains of instruction eleven, given by
the court. It reads as follows: "If you find from a pre-
ponderance of the evidence that the defendant was
guilty of negligence as alleged in one or more para-
graphs of the complaint, and that such negligence on
the part of the defendant, as alleged in one or more para-
graphs of the complaint, was the proximate cause of the
injury and death of the plaintiff's son Earl, and you find
from a preponderance of the evidence that he was injured
and died as alleged, and you further so find that the plain-
tiff was damaged as alleged, and you further find that all
the other material allegations of one or more paragraphs
of the complaint have been sustained by a preponderance
of the evidence, and you further find from the evidence, that
neither plaintiff nor his deceased son Earl was guilty of
negligence contributing to the injury and death of the said
Earl, you should find for the plaintiff." Appellant's con-
tention is that this instruction informed the jury that if
appellee had proved negligence as alleged in one paragraph,
and had proved the material allegations of the other para-
graphs, other than the allegation of negligence, he could
recover, regardless of whether he proved the other material
allegations of the paragraph on which the jury found negli-
gence. This certainly was not the meaning intended to be
conveyed by the court, and we do not think that it is a fair
interpretation of the instruction. The complaint was in three
paragraphs, and each paragraph contained different charges
of negligence. It is clear that this instruction meant that

if the jury found that the negligence charged in any one paragraph or in any two paragraphs of the complaint was established, and further found that all the other material allegations of the paragraph or paragraphs of which they found negligence had been established, and that neither the plaintiff nor his deceased son, Earl, was guilty of negligence contributing to the injury and death of said Earl, it should find for the plaintiff. Said instruction is, therefore, not erroneous.

Instruction fourteen was to the effect that in case the testimony of the various witnesses was so conflicting that it could not be believed, that in determining which witness it would believe, and which one it would discredit, the jury might consider their manner and conduct, interest, bias or prejudice, if any, knowledge or lack of it, of matters about which they testified, together with all facts and circumstances proved and surrounding them which would enable the jury to arrive at the truth. It has been held that it is for the jury to determine what credit is to be given to the testimony of the various witnesses, and that in doing this it may take into consideration the matters mentioned in the instruction. This instruction was not erroneous. *Fifer* v. *Ritter* (1902), 159 Ind. 8, 64 N. E. 463, and cases cited.

Appellant's last contention is that the court erred in refusing certain instructions requested by him. The record does not show that these instructions were tendered to the court before the argument begun, and the presumption is that they were properly refused, because not tendered in time. *Stamets* v. *Mitchenor* (1906), 165 Ind. 672, 676 (6), 75 N. E. 579, and cases cited; *White* v. *Sun Publishing Co.* (1905), 164 Ind. 426, 428 (3), 73 N. E. 890, and authorities cited; *Heintz* v. *Mueller* (1901), 27 Ind. App. 42, 45, 59 N. E. 414, and cases cited; *Supreme Tent, etc.,* v. *Ethridge* (1909), 43 Ind. App. 475, 481 (11), 87 N. E. 1049; Elliott, App. Proc. §735; Ewbank's Manual §198.

Having determined all questions properly presented by appellant's statement of points *(Leach* v. *State* [1912], 177 Ind. 234, 97 N. E. 792, 794 [9], [10], and case cited; 11. *Wellington* v. *Reynolds* [1912], 177 Ind. 49, 97 N. E. 155, 157 [10], [11], and cases cited; *Board, etc.,* v. *State, ex rel.* [1911], 175 Ind. 147, 156 [8], 93 N. E. 851; *Bennett* v. *Root Furniture Co.* [1911], 176 Ind. 606, 96 N. E. 708, 709 [5], and cases cited), and finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 99 N. E. 989. See, also, under (1) 37 Cyc. 282; (2) 28 Cyc. 37; (4) 13 Cyc. 375; (5) 38 Cyc. 1595; (6) 38 Cyc. 1632; (8) 38 Cyc. 1777; (9) 40 Cyc. 2555; (10) 3 Cyc. 303; (11) 3 Cyc. 418. As to the law of the automobile, see 108 Am. St. 212. As to the law of the road in general, see 48 Am. St. 366. As to damages for causing the death of a human being, see 12 Am. St. 375; 70 Am. St. 669. For a discussion of the rights and duties of persons driving automobiles in highways, see 13 Ann. Cas. 463; 21 Ann. Cas. 648. As to the duty and liability of a person operating an automobile on public street or highway, see 4 L. R. A. (N. S.) 1130. On the question of evidence as to speed of automobiles or other road vehicles, see 34 L. R. A. (N. S.) 778. And for speed of automobiles as negligence, see 25 L. R. A. (N. S.) 40. Upon the reciprocal duty of operator of automobile and pedestrian to use care, see 38 L R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178.