IRING D. EASTMOND, BY BENNIE B. EASTMOND, HIS NEXT FRIEND, AND BENNIE B. EASTMOND, INDIVIDU- ALLY, PLAINTIFFS, v. HARRY B. WACHSTEIN, DE- FENDANT.

Decided November 19, 1926.

Negligence—Injury to Boy Less Than Nine Years Old While Crossing Street, Caused by an Automobile—Court's Denial of Nonsuit on Ground of Contributory Negligence Sustained —Boy was Not Required to Exercise Same Degree of Care as an Adult—Question of Contributory Negligence in Cases of Injury to Persons of That Age Usually One For Jury— No Error in Charge That "It is the Duty of the Driver of An Automobile to Use Reasonable Care to Avoid Injuries to Others, and it is a Breach of That Duty to Fail to Stop the Machine or Slacken Its Speed When That is the Only Way in Which Injury to Others Can be Avoided."

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Congleton, Stallman & Hoover* (*Charles W. Weeks,* of counsel).

*Contra, James W. Gillespie* (*Perkins & Drewen,* of counsel).

PER CURIAM.

There was a verdict in the Hudson Circuit for the infant plaintiff for the sum of $5,000 against the defendant, and a verdict against the latter for $1,500 in favor of the infant plaintiff's mother.

The infant plaintiff at the time he met with his injury was eight years and six months of age. On the 25th of February, 1924, in the neighborhood of six o'clock in the afternoon, while in the act of running across Kearny avenue, a much frequented public highway, forty-eight feet in width,

between the curbs, in the town of Kearny, he was struck and seriously injured by an automobile operated by the defendant along the avenue.

There was proof that the infant plaintiff had almost crossed the highway, and had only a few feet more to reach the sidewalk, when he was run into by the defendant's automobile and knocked down. There was also testimony to the effect that the automobile was being driven along the highway at an excessive rate of speed, estimated to have been between twenty-five and thirty miles an hour; that though the defendant immediately applied the brakes when he discovered the boy, the car sped on for a distance of twenty-five feet from the place of impact before it was halted.

This was the phase of the plaintiff's case when it was rested. On behalf of the defendant, a motion for a nonsuit was made upon the ground that the plaintiff was guilty of contributory negligence, which motion was denied.

The refusal to grant a nonsuit was proper. There was nothing appearing in the testimony, on part of the plaintiff, which would have warranted the trial judge to have taken away from the decision of the jury the question whether, under the conditions then existing in the public highway, the infant plaintiff exercised that degree of care reasonably to be expected of a child of his age, intelligence and experience.

He was not required, as a matter of law, to exercise the same degree of care and caution to avoid injury as is required of adults under similar circumstances. 29 *Cyc.* 535. In *Fitzhenry* v. *Consolidated Traction Co.* (*Court of Errors and Appeals*), 64 *N. J. L.* 674, No. 2 of the *syllabi* reads: "In actions for injury to a child of that degree of responsibility, when so crossing a street railway, the question of contributory negligence is generally one for the jury, but when it appears beyond dispute that the child in its attempt to cross acted in entire disregard of the degree of prudence which may reasonably be expected from one of his years, and has thereby contributed to the collision that caused the injury, then, the question, contrary to the usual rule, becomes one for the court."

In the present case it is argued, on behalf of the defendant, that since it appeared on the plaintiff's case that the infant plaintiff had been cautioned by his mother of the danger to be encountered by automobile vehicles in crossing Kearny avenue, which he crossed in going to and from school, at least four times daily, he was made fully aware of the danger to be apprehended in crossing the avenue, and, hence, when he saw or could have seen the offending automobile approaching at the time it reached Locust avenue, a distance of more than two hundred feet away from the point where he started to run across the street, his conduct in that regard was *per se* negligent, and, as such negligent act contributed to his injury, he was debarred of the right to a recovery. This contention is palpably unsound. It is a matter of common knowledge that there is hardly ever a time when an automobile cannot be seen approaching on the public street from one direction or another. What was said in *Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 605, by Mr. Justice Magie, speaking for the Court of Errors and Appeals (at *p.* 613), is pertinent here: "Its claim is that such observing must be extended to any approaching car, no matter how distant. But this is obviously an exaggerated notion of the duty required. The most prudent man would never suppose himself required to thus observe. If such a rule or duty were adopted and practiced in a crowded city, the crossing of many streets would be barred to pedestrians for a great part of the time. The general rule to which we have recurred does not justify this excessive view of the duty required. It will require one crossing the roadway on foot to extend his observations only to the distance within which vehicles proceeding at customary and reasonably safe speed would threaten his safety."

The fact that the infant plaintiff could have seen the car approaching at the time he was crossing the avenue was only a circumstance which must be considered with other circumstances present as to whether or not he exercised that degree of care or caution that could be reasonably expected from a child of his age.

In *Consolidation Traction Co.* v. *Glynn,* 59 *N. J. L.* 432, the plaintiff, an adult, who was afflicted with deafness, but who saw a trolley car coming about three hundred feet away, before he started to leave the sidewalk and cross the street, Mr. Justice Van Syckel, speaking for the Court of Errors and Appeals (at *p.* 433), said: "The company had no right to propel its cars at such a rate of speed as was incompatible with the safe and customary use of the street by others who have equal rights with the company upon it. It was therefore a question of fact for the jury to settle whether the plaintiff, in the exercise of reasonable prudence and caution, should have apprehended that the car was coming at a high rate of speed that it would reach him before he cleared the tracks, and to determine whether a prudent man, with the right to presume that the company would exercise due care on its part, would have proceeded to cross the street under the circumstances presented on behalf of the plaintiff." And, so, here the defendant had no right to propel his automobile at such a rate of speed as was incompatible with the safe and customary use of the street by others, and the infant plaintiff was under no legal duty to apprehend that the car was coming at such a high rate of speed that it would reach him before he reached the sidewalk.

After the close of the entire case a motion was made on behalf of the defendant that a verdict be directed in his favor upon the same ground as was advanced for a nonsuit. This motion was denied, and, we think, properly so. The burden of establishing that the plaintiff was chargeable with negligence contributing to his injury was on the defendant. We percieve nothing in the testimony of the defendant which disclosed a legal bar to the submission of the questions of negligence and contributory negligence to the decision of the jury.

Next, it is urged that the verdict is contrary to the charge of the court and against the weight of the evidence. We find this assertion to be devoid of merit.

Lastly, it is argued that the court erred in charging the plaintiff's request: "It is the duty of the driver of an auto-

mobile to use reasonable care to avoid injuries to others, and it is a breach of that duty to fail to stop the machine or slacken its speed when that is the only way in which injury to others can be avoided."

We perceive no error in this instruction to the jury. The criticism made on this excerpt of the court's charge is that it placed upon the defendant driver an absolute duty to slacken the speed of the car or to stop it so as to avoid an accident without regard to the conduct of the plaintiff. But a plain reading of the entire charge shatters this contention.

The rule to show cause is discharged, with costs.