Martin C. Reichmann, Appellee, v. Robertson's, Inc., Appellant.

538

KRAMER, CAMPBELL, COSTELLO & WIECHERT, for appellant.

FARTHING & FARTHING and JOHN S. MARSALEK, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

Martin C. Reichmann sued to recover for personal injuries charged to have been caused by specific negligence of the agents and employees of the appellant in allowing a ladder or stairway to be in an unsafe and unattached condition at the time the appellee attempted to use it in coming down from a loft in the warehouse of appellant. A plea of not guilty was filed to the declaration. At the close of all the evidence the appellant moved for a directed verdict which was denied. Appellee then presented a written motion asking the court to give the jury a peremptory instruction finding appellant guilty, and directing them to assess appellee's damages. This motion was granted and after reading the written motion and instruction, the court then orally instructed the jury as follows:

"Under the testimony in this case, gentlemen, there can be but one verdict, and that in favor of the plaintiff, so the court will allow the motion, and instructs you to return that verdict, and the only question in the case for you to consider is the amount of damages; if the attorneys desire, they may proceed to argue the question of damages."

There was a verdict for $12,500, motion for new trial denied and judgment entered on the verdict.

Appellant urges as grounds for reversal that the court erred in giving the peremptory instruction, in

orally instructing the jury, because the appellee failed to prove knowledge on the part of the appellant of the dangerous condition of the ladder and that the verdict was excessive.

Appellant was the owner of a general store in East St. Louis, with a warehouse just a few feet in the rear of the main building. Across the rear end of the warehouse was a loft seven or eight feet above the cement floor. Access was had to the loft by a movable stairway which was not attached to the floor of the building. The ladder or stairway could be moved back and forth on an I-beam on which it rested, fastened by an iron hook. Several times a day the employees would remove this hook and take the stairway down to permit trucks driven into the building to be unloaded.

On April 21, 1930, appellee, who was a farmer, brought a load of hogs to town and on his way home stopped at appellant's store to buy some feed. He had traded in the store before, but had never been in the warehouse where the feed was kept. When he made his wants known he was waited upon by a salesman by the name of Chaplin. He took appellee and his young son back to the warehouse where they met another of appellant's salesmen by the name of Reinhart. Chaplin took appellee up to the loft to show him the feed. This was the first time appellee had ever used the ladder or stairway and the hook was not visible to him when he ascended the stairway. After about 10 minutes in the loft, appellee started back to the first floor. When he stepped on the first step of the ladder it skidded out from under him and he fell with it to the first floor, a distance of seven or eight feet. He suffered a compound fracture of the right elbow and was otherwise injured. He was taken to the hospital and remained there 13 days under the treatment of a doctor. He made frequent trips to the doctor's office for treatment after he left the hospital.

His right elbow is permanently injured, but he has substantially recovered from the other injuries.

No testimony was introduced on the part of appellant and it is clear that the injury to appellee was due to the negligence of appellant in allowing the ladder or stairway to be in an unsafe and unattached condition at the time appellee attempted to use it in coming down from the loft, and while appellee was in the exercise of due care for his own safety.

In our opinion there is no basis upon which reasonable minds could disagree as to that conclusion. That being true, the court did not err in directing the jury to assess damages in favor of appellee. *Richardson v. Moore*, 254 Ill. App. 511.

Appellant was charged with the duty of providing reasonably safe premises for its patrons, and proof that it had actual knowledge of the dangerous condition of the stairway was not necessary.

Generally speaking, a mercantile establishment, open to the public for the transaction of business, impliedly invites all persons having business with such establishment to enter upon such premises, and impliedly warrants the premises to be reasonably safe for the purpose for which they are designed. *Pauckner v. Wakem*, 231 Ill. 276.

The action of the court in orally instructing the jury was not in accordance with the Practice Act, Cahill's St. ch. 110, ¶ 73, but the judgment should not be reversed on that account and a new trial awarded if the verdict and judgment were clearly right and the plaintiff could not succeed upon another trial. *Daily v. Boudreau*, 231 Ill. 228.

The verdict was large but was not so excessive as to warrant a reversal of the case. The judgment is affirmed.

*Affirmed.*