Clessie Hicks, Administrator of the Estate of Robert
    Robertson, Deceased, Appellant, v. Swift and Com-
    pany, Appellee.

Opinion
filed March 6, 1936.   Rehearing denied April 30, 1936.

1

Wilmer L. Vogt, of East St. Louis, for appellant; Callahan & Callahan, of counsel.

R. W. Ropiequet and Henry G. Miller, both of East St. Louis, for appellee.

Mr. Presiding Justice Edwards delivered the opinion of the court.

Appellant, administrator of the estate of Robert Robertson, deceased, hereafter referred to as plaintiff, brought suit against appellee, who will be designated as defendant, to recover damages under the statute for the benefit of the next of kin of decedent, for causing the death of said Robert Robertson by a collision of defendant's truck with a coupe in which Robertson was riding as a guest passenger on May 14, 1934.

The complaint, as amended, consisted of two counts, the first of which charged general negligence on the part of defendant, and also alleged two specific acts as constituting a want of care on its part. The second count charged wilful and wanton misconduct. Defendant answered, denying all the material averments relating to negligence and wanton misconduct.

The cause was tried before a jury. At the close of plaintiff's case defendant moved for a directed verdict as to the second count, which motion was sustained. At the conclusion of all the evidence defendant again moved that the jury be instructed to find defendant not guilty. The court, acting under sec. 68 of the Civil Practice Act, held in abeyance a ruling upon the motion, and the jury returned a verdict for plaintiff in the sum of $5,000. The motion was thereafter argued, and sustained by the court, who rendered judgment finding defendant not guilty, in bar of the action, and against plaintiff for costs. The propriety of the court's action in this respect is the basis for this appeal.

As we read the brief and argument of defendant, the only question seriously discussed or contended for is that there is no proof of defendant's negligence.

As to the specific charges of acts claimed by the plaintiff to be a want of care on the part of defendant, as being the proximate cause of the accident, we think there was no sufficient proof to justify their submission to the jury, and that the court's ruling at least to that extent was correct.

Relative to the general charge that the defendant, by its servant, so carelessly drove its truck that as a proximate consequence the collision resulted, a consideration of the proof is necessary.

The testimony is that on the day in question a coupe, in which deceased and one Curtis Marshall were riding as guest passengers of Frank Talcott, the driver, was proceeding northwesterly on a cement State highway through National City; that defendant's truck, loaded with two tons of tankage and driven by its servant Charles Nevin, was proceeding southeasterly on said highway. Directly ahead of the coupe were two cars; all three were running at about 15 miles per hour. The car directly in front of the coupe turned to the right to pass the one ahead, whereupon the first car stopped. Talcott, driver of the coupe, in order to avert a collision, applied his brakes, and the coupe skidded to the left over the wet pavement; that rain was falling at the time, and that the coupe continued on an angle southerly until it contacted the curb on the south side of the cement slab, where it stopped. Marshall testifies that at such time defendant's truck was 60 or 70 feet distant, coming at 35 to 40 miles an hour; that it struck the coupe on its right side, breaking the door and throwing Robertson and Marshall on to the pavement; that it ran over the former, killing him almost instantly, and finally stopped with Robertson's body just back of the truck's rear axle.

Nevin testified that he saw the coupe shoot at an angle southerly across the road; that he was then about 30 feet from it and traveling at 15 miles an hour, and that he applied his brakes and slowed down, turning to the left and attempting to avoid contact with the coupe. He further stated that under the conditions of speed at which he was then running, the wet condition of the pavement, and the weather, he could have stopped his truck within a space of its length, which was 15 feet. Talcott testified that the truck was 30 or 40 feet distant when his coupe crossed to the south, and Enos Mathews, a bystander, testified to substantially the same distance.

That defendant, at the time of and immediately before the collision, was bound to use the care and caution to avoid collision that an ordinarily prudent person would have then and there exercised, is clear. The rule is well stated in *Kessler v. Washburn,* 157 Ill. App. 532, where the court, on page 537, said: "No owner or operator of an automobile is necessarily exempt from liability for collision in a public street by simply showing that at the time of the accident he did not run at a rate of speed exceeding the limit allowed by the law or the ordinances. On the contrary, he still remains bound to anticipate that he may meet persons at any point in the public street, and he must keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person, using proper care and caution; and if necessary he must slow up and even stop. . . . The true test is that he must use all the care and caution which an ordinarily careful and prudent driver would have exercised under the same circumstances." The rule is similarly stated in 42 Corpus Juris, 928, sec. 638.

It is obvious that as the coupe skidded across the pavement, two courses were open to the driver of the truck in order to avert a collision. One was to pursue

the course which he adopted of slackening his speed and turning to the left, or to apply his brakes and bring his car to a stop, which he testified he could have done within a distance of 15 feet. He further stated that he was at least 30 feet distant from the coupe as it crossed the pavement. It is therefore manifest that if he, upon seeing the danger, had at once used the means at his command to stop his machine, which, as he stated, he could have accomplished in 15 feet or one-half of the distance he then was from the coupe, the truck would have halted before it reached the other car and the collision would not have occurred.

Whether in so acting he used the care and caution which an ordinarily prudent and careful person would have exercised in the same situation, or whether such a person would have stopped the car, as he said he might have done, and that the failure to do so was negligence which proximately caused the accident, were questions of fact. *Petro v. Hines,* 299 Ill. 236.

In *Fox v. Barekman,* 178 Ind. 572, 99 N. E. 989, it was held that a jury's finding of negligence was justified where the driver failed to apply his emergency brake, on discovering his steering gear was broken, so as to have prevented the accident in question.

In *Russell v. Electric Garage Co.,* 90 Neb. 719, 134 N. W. 253, the court ruled that a driver, who sees he is about to collide, is not sufficiently prudent if he uses only one of the methods at hand to avert same, and when such use is not sufficient he may not sit inert or helpless and fail to use other preventive means at his command.

The Supreme Court of New Jersey held, in *Eastmond v. Wachstein,* 135 Atl. 67, that it was proper to instruct the jury, "it is the duty of the driver of an automobile to use reasonable care to avoid injuries to others, and it is a breach of that duty to fail to stop the machine or slacken its speed when that is the only way in which injury to others can be avoided."

*Walmer-Roberts v. Hennessey,* 191 Iowa 86, 181 N. W. 798, is authority for the doctrine that whether an automobile driver who ran into a person standing in the street, was guilty of negligence in not bringing his car to a full stop on observing that the person facing the other way was apparently oblivious of his approach, is, at the least, a question for the jury.

The authorities cited illustrate the rule that whether an automobile driver situated as was that of defend ant's truck, acted under the conditions as would an ordinarily prudent and careful person similarly situated, was, to say the least, a question of fact for the determination of the jury. The truck driver had at his command two available methods of attempting to avert the impending collision. He chose one and ignored the other.

Negligence does not become a question of law unless the evidence, which may be properly weighed upon the motion to direct a verdict, is such that all reasonable men would agree in their deductions from it, and if from the facts bearing upon the question of negligence, reasonable men of fair understanding might draw different conclusions, the question is one of fact, not of law, and must be submitted to the jury. *Chicago & N. W. Ry. Co. v. Hansen,* 166 Ill. 623; *Hoehn v. Chicago, P. & St. L. Ry. Co.,* 152 Ill. 223; *Petro v. Hines, supra,* at page 240.

It cannot be said that, within the rule, all reasonable minds would agree that the truck driver, in electing to slow his car and turn to the left in order to avoid a collision, and failing to bring his vehicle to a stop, as he said he had the power to do, within 15 feet, while the coupe was at least twice that distance away, and the employment of the latter method, by his own testimony, would have prevented the accident, acted as an ordinarily prudent and careful person similarly situated would have done.

The question was one of fact for the determination of the jury, not one of law for the court, and the sustaining of the motion and the entering of judgment notwithstanding the verdict was error.

It is not seriously contended that decedent was guilty of contributory negligence, and we think the evidence bearing thereon was sufficient to fairly raise a question of fact.

Div. (c) par. 3 of said sec. 68 of the Civil Practice Act provides that if the court is of opinion that the trial court erred in so entering judgment, same shall be reversed, and it shall order or enter judgment in accordance with the verdict unless it appear that error was committed that would have entitled the party in whose favor judgment notwithstanding the verdict was entered, to a new trial if such judgment had not been entered by the trial court, in which case a new trial shall be ordered.

There is no claim of error in the trial of the cause. Accordingly, the judgment is reversed and the cause is remanded, with directions to the trial court to enter judgment on the verdict.

*Reversed and remanded with directions.*