Doris Denny, Appellant, v. Goldblatt Brothers, Inc., Appellee.

Gen. No. 40,267.

Opinion filed January 16, 1939.

C. J. Morgan, of Chicago, for appellant.

Philip A. Weinstein, of Chicago, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action against defendant to recover damages for personal injuries claimed to have been sustained by her in slipping and falling on some fresh vomitus that some unknown person ejected, or milk that was spilled, in the revolving door which was located inside defendant's large retail store on State,

Jackson and Van Buren streets, Chicago. She claimed defendant was negligent in failing to remove the vomitus or milk. At the close of all the evidence defendant moved for a directed verdict which the court reserved. Afterward the jury rendered their verdict in plaintiff's favor for $2,000; judgment was entered on the verdict and within 10 days thereafter defendant filed its motions for a new trial and for a judgment notwithstanding the verdict. Afterward the court sustained the latter motion, entered judgment against plaintiff for costs and she prosecutes this appeal.

The record discloses that on March 12, 1937, which was shortly after defendant had purchased the large retail store located on State street as above stated, defendant had what is designated as its formal opening of the store. The front of the store was gaily decorated, there was a parade, and many guests were entertained, including members of various civic organizations. A great many people came to the store and counsel for plaintiff says it was perhaps the biggest day in the history of the store.

After plaintiff had finished her day's work at Field's at 5:30, she met her husband, they took a walk and arrived at defendant's store about 6 o'clock, entering the store on the Jackson street side. After making a purchase on the first floor they walked through the store which was crowded and made another purchase. They then walked down the stairs into the basement where another purchase was made; they started to leave the store about 6:30, walked up the steps to the mezzanine floor which was about half way between the basement and first floors and started through a revolving door which led into a restaurant on the mezzanine floor. As plaintiff was passing through the revolving door she slipped on some vomitus or milk, fell and was injured. She did not look at the floor until after she slipped and fell, when she discovered the vomitus. Some men

came to her assistance and she was taken to the medical bureau in the store and examined by a doctor. A nurse was also in attendance. The doctor found an "area of redness and tenderness about the size of a silver dollar piece located over the posterior or back portion of the left hip joint"; she stayed there about 5 minutes and then left with her husband. Afterward she was treated by her family physician who testified that he found a contusion of the "upper outer aspect of the left hip—a fracture separation of the upper rim of the left hip socket—left sacro-iliac sprain and traumatic sciatica," that the "disability is the injury to the lower end of the spine"; that in his opinion plaintiff has some permanent disability. His charge was $32.

Edward J. Duffy, called by plaintiff, testified that he was a millwright and carpenter by trade; that he visited defendant's store on the opening day and went to the various floors; that he ate in the cafeteria located on the mezzanine floor near the north end of the store; that from 3 to 5 minutes before he saw plaintiff slip and fall he went through the same revolving door and that he slipped and almost fell "on some stuff that looked like an emulsion—it looked like a bottle of cream or milk" that was spilled there. That after passing through the door he was cleaning his clothes of the emulsion or milk and while doing so saw plaintiff slip and fall coming through the door.

Plaintiff contends that since judgment was entered on the verdict when it was returned by the jury, the court was without authority to sustain defendant's motion which was not filed until a few days afterward—that such motion can only properly be made before the judgment is entered. In support of this, counsel quote par. (3)a, sec. 68 of the Civil Practice Act (ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.068]), while defendant's counsel quote par. 1 of the same section.

We think the court by virtue of par. 1 was authorized to pass on defendant's motion for a judgment notwithstanding the verdict although a judgment had theretofore been entered on the verdict. That paragraph provides that where a general verdict is returned, the court shall order the same entered of record "and if either party may wish to move for a new trial or in arrest of judgment, or for a judgment notwithstanding the verdict, he shall, before final judgment be entered, or within ten days thereafter, or within such time as the court may allow on motion made within such ten days, by himself or counsel, file the points in writing, particularly specifying the grounds of such motion, and final judgment and execution thereon shall thereupon be stayed until such motion can be heard by the court. The time for appeal from such judgment shall not begin to run until the court shall rule upon the motion."

Paragraph 3 of sec. 68 provides that in all civil actions if either party shall, at the close of the testimony and before the case is submitted to the jury, request the court for a directed verdict, the court may reserve his decision and submit the case to the jury under proper instructions. That after the case is thus submitted to the jury "or after receiving and recording the verdict of the jury and before judgment is entered in said case, the court may hear arguments of counsel for and against said request." But in all cases shall receive and record the verdict of the jury as rendered. If the court shall then decide as a matter of law that the party requesting the verdict was entitled thereto, the court shall enter its decision on the record notwithstanding the verdict. We think under the provisions of the two paragraphs quoted from, the court is authorized to enter judgment notwithstanding the verdict whether made before or after judgment has been entered on the verdict provided the requirements of the section are complied with. The practice followed in the in-

stant case was the same as that followed in *Hill v. Richardson,* 281 Ill. App. 75.

Counsel for plaintiff further contends that even if the trial court had jurisdiction to sustain defendant's motion for a judgment notwithstanding the verdict, the action of the court in allowing the motion was unwarranted because the questions whether plaintiff was in the exercise of due care for her own safety and whether defendant was guilty of negligence which proximately contributed to the injuries complained of were properly questions for the jury.

In discussing this question, counsel for defendant says ''There is no evidence tending to show that the defendant had any actual or constructive notice of the presence of the vomitus''; that ''Ordinarily questions of negligence and notice are exclusively for the jury, yet when there is no competent evidence in the case that fairly tends to prove the charges laid in the complaint or when the evidence is considered with all reasonable inference drawn from it in its aspects most favorable to the plaintiff against whom the motion is directed and there is a total failure to prove one or more necessary elements of the case, then the questions of negligence and notice are no longer for the jury.'' In support of this proposition it is argued that the undisputed evidence shows that some person had vomited inside the space of the revolving door and that defendant had nothing to do with the creation of the condition that caused the accident; that the door was properly constructed and the entry-way well lighted; that the only evidence as to the length of time the entry was in the condition complained of is that of the witness Duffy who testified that he walked through the revolving door from 3 to 5 minutes before plaintiff slipped and fell; that he saw ''some stuff that looked like an emulsion—it looked like a bottle of cream or milk'' that had been spilled and that there is no evi-

dence that defendant had knowledge of the existence of the vomitus or milk on the floor.

Edward Zelenka, called by defendant, testified that he was the porter assigned to that part of the store where the accident occurred; that he had worked at the store for more than 3 years; that his duties were to pick up papers, wipe up and look after the hallways and stairs to see that everything was cleaned up; that he went to work at 8:30 in the morning and worked until sometime after the accident; that "During the day I went through about every hour, it was my business to go through there. . . . Around the hours of six and seven o'clock I was not through this door. I was more to the south side of the basement."

Plaintiff testified that the vomitus in the doorway "had all been swept in the corner but it had not been swept clean," and her husband gave testimony to the same effect which would tend to show that some employee of defendant had attempted to clean the doorway but had not done a good job.

Under the law defendant was required to use reasonable care to see that its premises were reasonably safe for its patrons. Whether the vomitus or milk was in the doorway such a period of time that defendant, in the exercise of ordinary care would have discovered and removed it, (having in mind the great throngs that were at the store on the day in question) we think was a question for the jury. We think it cannot be said that all reasonable minds would reach the conclusion that defendant had exercised ordinary care under the circumstances. *Riech v. Great A. & P. Co.,* 268 Ill. App. 613 (not reported in full) ; *Frost v. McCarthy,* 200 Mass 445; *Reichman v. Robertson's, Inc.,* 264 Ill. App. 537; *The Washington Market Co. v. Claggett,* 19 App. D. C. 12; *Williamson v. Hardy,* 190 Pac. 646. On this phase of the case defendant further contends that "Plaintiff's attempt to use one presumption as the

basis of another presumption falls within the prohibition of a well established doctrine,'' and in support of this says that where the evidence is reasonably consistent with two hypotheses, one of which imposes a liability and the other does not, the plaintiff has failed to prove her case; that there was no evidence from which the jury could reasonably infer that defendant knew of the presence of the vomitus or milk on the premises and failed to remove it; that plaintiff must prove that the injuries she complains of were in fact, or within reasonable probability caused by defendant's negligence. The contention of defendant that one presumption cannot be based upon another is not the law, although there are some cases to the contrary. Sec. 41, Wigmore on Evidence, 2nd ed.; *Burns v. Prudential Ins. Co. of America,* 283 Ill. App. 442; *Sturm v. Emp. Liability Assurance Corp.,* 212 Ill. App. 354; *Paoli v. Loyal Protective Ins. Co.,* 289 Ill. App. 87; *Welsch v. Frusch L. & P. Co.,* 197 Iowa, 1012.

In the *Burns* case we quoted from sec. 41 of Wigmore, the following: ''It was once suggested that 'an inference upon an inference' will not be permitted, i. e., that a fact desired to be used circumstantially must itself be established by testimonial evidence; and this suggestion has been repeated by a few Courts, and sometimes actually enforced. There is no such rule, nor can be. If there were, hardly a single trial could be adequately prosecuted.'' We there quoted further from the section but we do not repeat it here. We there also quoted from the *Sturm* case, ''If any one or more of those inferences is doubtful, the ultimate is doubtful. Of course, an inference from an inference, and then a third and fourth may, under certain circumstances, be admissible (*Ohio Building Safety Vault Co. v. Industrial Board,* 277 Ill. 96) . . . but the more remote the inference the more enfeebled its probative force.''

We are also unable to agree with the contention made

by defendant that where the evidence is reasonably consistent with two hypotheses one of which imposes liability and the other does not, that plaintiff has failed to prove her case. Even where the facts are admitted but where a difference of opinion as to the inference that may legitimately be drawn from them exists, the question of negligence ought to be submitted to the jury. It was for the jury to draw the inference. *Chicago & N. W. Ry. Co. v. Hansen*, 166 Ill. 623; *Moore v. Rosemond*, 238 N. Y. 356, opinion by Judge Pound; *Kavale v. Morton Salt Co.*, 242 Ill. App. 205; *Norris v. Illinois C. R. Co.*, 88 Ill. App. 614; *Richmond & D. R. R. Co. v. Powers*, 149 U. S. 43; *Gunning v. Cooley*, 281 U. S. 90. In a negligence case demonstration is not required. *Union Pacific R. R. Co. v. Huxall*, 245 U. S. 535.

Defendant further contends that its motion for a new trial which it filed at the time it filed its motion for a judgment notwithstanding the verdict should have been allowed, (1) for the admission of incompetent evidence that was prejudicial to the defendant, (2) that the verdict was the result of prejudice, passion and sympathy in utter disregard of the evidence, or against the manifest weight of the evidence, and (3) that the amount awarded is grossly excessive. Counsel for plaintiff in his reply brief contends that the question is not open for review because the trial court did not pass upon defendant's motion for a new trial and therefore it has been waived. We think this contention cannot be sustained. Sub-section c, of sec. 68, of the Civil Practice Act, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.068], provides: "c. If the party in whose favor the verdict of the jury was rendered shall assign error in the Appellate or Supreme Court upon the order of the trial court entering judgment notwithstanding the verdict, and the Appellate or Supreme Court shall be of opinion that the trial court committed error in order-

ing or entering judgment notwithstanding the verdict, such court shall reverse such order and judgment and shall order or enter judgment in accordance with the verdict of the jury, unless it shall appear that there was error in the case that would have entitled the party in whose favor judgment notwithstanding the verdict was entered, to a new trial if such judgment had not been entered by the trial court, in which case a new trial shall be ordered.'' In *Hill v. Richardson,* 281 Ill. App. 75, where the trial court entered judgment notwithstanding the verdict but failed to pass upon defendant's motion for a new trial, it was held that the motion for a new trial should be passed upon by this court. The opinion was by Mr. Justice Wilson, now of our Supreme Court. There may be cases where the reviewing court should remand the case to the trial court to pass on the motion for a new trial where judgment, notwithstanding the verdict, has been erroneously entered, but we think we can properly pass upon the motion under the facts disclosed by the record in the instant case.

(1) The incompetent evidence claimed to have been erroneously admitted by counsel for defendant was that plaintiff and her husband were permitted to testify that the vomitus in the doorway had been ''swept,'' which was a mere conclusion. We think the jury would understand without difficulty that the testimony was that the vomitus appeared to have been swept.

(2) In support of defendant's contention that the verdict was the result of passion, prejudice and sympathy, etc., it is said that plaintiff, while testifying, sobbed and shed tears bending every effort to sway the jury. The record shows that plaintiff did this while she was testifying but in view of the fact that the case was simple and easily understood we think defendant was not entitled to a new trial on this ground. It is also contended in this connection that

plaintiff's husband testified that the vomitus swept from the door "was the size of a pumpkin" and that this testimony was incredible and unworthy of belief. We agree with this latter contention but are of opinion the jury gave no credence to such incredible testimony.

(3) The contention that the verdict was grossly excessive we think cannot be sustained. The argument in support of this contention in substance is that plaintiff was suffering from ailments prior to the time of the accident and that after the accident these were the cause of some of her troubles. We do not stop to analyze the evidence on this question but are of opinion, (in view of the testimony of plaintiff and the doctor, taken in connection with the evidence offered by defendant, indicating that she had sustained but trivial injuries as a result of the fall), that the verdict is not so excessive as to warrant interference on our part.

For the reasons stated, the judgment of the circuit court of Cook county is reversed, and since there would be no good purpose served to remand the cause for a new trial, judgment will be entered in this court in accordance with the verdict rendered. *Hill v. Richardson*, 281 Ill. App. 75.

*Judgment reversed and judgment entered in this court for plaintiff.*

McSURELY, P. J., and MATCHETT, J., concur.