Raechel T. Kauders, Appellee, v. The Equitable Life Assurance Society of the United States, Appellant.

Gen. No. 40,395.

153

Opinion filed February 27, 1939.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellant; MILES G. SEELEY, of Chicago, of counsel.

BOWE & BOWE, of Chicago, for appellee; AUGUSTINE J. BOWE, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action to recover as beneficiary under a life insurance policy issued by defendant to her husband. There was a jury trial and at the close of all the evidence defendant moved for a directed verdict. The court reserved its ruling and submitted the case to the jury which returned a verdict in plaintiff's favor for $309.92, the amount of plaintiff's claim. Afterward the court sustained defendant's motion for a directed verdict and entered judgment notwithstanding the verdict. Plaintiff appealed to this court where, upon consideration, the judgment was reversed and the

cause remanded with directions to enter judgment on the verdict. (294 Ill. App. 614, Abst.) Upon the mandate being filed in the trial court judgment was entered on the verdict in plaintiff's favor and against defendant as directed, and 7 days thereafter defendant filed its motion for a new trial, which on motion of plaintiff was stricken and defendant again appeals to this court.

Defendant contends that it had a right to present its motion for a new trial and to have it heard after the entry of the judgment in plaintiff's favor by virtue of sec. 68 of the Civil Practice Act. Par. 1 of that section provides where a verdict is returned "if either party may wish to move for a new trial . . . or for a judgment notwithstanding the verdict, he shall, before final judgment be entered, or within ten days thereafter, or within such time as the court may allow on motion made within such ten days, by himself or counsel, file the points in writing, particularly specifying the grounds of such motion, and final judgment and execution thereon shall thereupon be stayed until such motion can be heard by the court. The time for appeal from such judgment shall not begin to run until the court shall rule upon the motion. . . .

"(3) a. Hereafter, in all civil actions at law, in courts of record, if either party shall at the close of the testimony, and before the case is submitted to the jury, request the court for a directed verdict in his favor, the court may reserve his decision thereon, and submit the case to the jury under proper instructions . . . after receiving and recording the verdict of the jury and before judgment is entered in said case, the court may hear arguments of counsel for and against said request, but in all such cases where a verdict is rendered, the court shall receive and record such verdict of the jury as rendered. . . . If the court shall then decide as a matter of law that the party requesting the directed verdict was entitled thereto, the court

shall enter its decision on the record and order judgment in accordance with such decision, notwithstanding the verdict. . . . °

"c. If the party in whose favor the verdict of the jury was rendered shall assign error in the Appellate or Supreme court upon the order of the trial court entering judgment notwithstanding the verdict, and the Appellate or Supreme court shall be of opinion that the trial court committed error in ordering or entering judgment notwithstanding the verdict, such court shall reverse such order and judgment and shall order or enter judgment in accordance with the verdict of the jury, *unless* it shall appear that there was error in the case that would have entitled the party in whose favor judgment notwithstanding the verdict was entered, to a new trial if such judgment had not been entered by the trial court, in which case a new trial shall be ordered."

Under paragraph 1 of sec. 68, judgment may be entered on the return of the verdict, in which case the losing party may, within 10 days thereafter or within such time as the court may allow on motion made within such 10 days, file his motion in writing for a new trial, or for a judgment notwithstanding the verdict. But if judgment is not entered at the time the verdict is returned he may move the court to sustain his motion for a directed verdict made at the close of all the evidence and for judgment notwithstanding the verdict, and he may also file a motion for a new trial, all of which must be done before an appeal is taken, because the paragraph expressly provides that "The time for appeal from such judgment shall not begin to run until the court shall rule upon the motion." But defendant in the instant case not having filed a motion for a new trial until after the judgment of the trial court was reversed by this court, the motion for a new trial was waived. Cases will not be

tried in piecemeal. *Hill v. Richardson*, 281 Ill. App. 75; *Hicks v. Swift & Co.*, 285 Ill. App. 1; *Gourley v. Chicago & E. Ill. Ry. Co.*, 295 Ill. App. 160; *Synwolt v. Klank*, 296 Ill. App. 79; *Denny v. Goldblatt Bros.*, 298 Ill. App. 325; *Delyda v. Metropolitan Life Ins. Co.*, 298 Ill. App. 623 (Abst.).

Paragraph 3 (c) of sec. 68 of the Civil Practice Act provides that where a trial court has entered judgment notwithstanding the verdict and complaint is made in this or in the Supreme Court that error has been committed, which the reviewing court sustains, we shall reverse the order and judgment and "shall order or enter judgment in accordance with the verdict of the jury, unless it shall appear that there was error in the case that would have entitled the party in whose favor the judgment notwithstanding the verdict was entered, to a new trial if such judgment had not been entered by the trial court." Obviously under this provision defendant was required to urge that in any event he was entitled to a new trial; not having done so, the error was waived and he cannot now be heard to complain. This is the effect of the holding in the cases above cited. See also McCaskill, 1936 Ed. Ill. Civil Practice Act, pp. 189–190; Harrow's Ill. Practice Act Manual, pp. 221–224.

No point is made by plaintiff that this appeal was prosecuted for delay.

The order of the superior court of Cook county striking defendant's motion for a new trial is affirmed.

*Order affirmed.*

McSurely, P. J., and Matchett, J., concur.